**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROSEMARY CROMICH MCDONNELL,
Plaintiff-Appellee,

v.                                                    No. 97-1925

MILLER OIL COMPANY, INCORPORATED,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CA-95-638-2)

Argued: December 4, 1997

Decided: January 22, 1998

Before WILKINS and HAMILTON, Circuit Judges, and
MICHAEL, Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Remanded by published opinion. Judge Wilkins wrote the opinion, in
which Judge Hamilton and Senior Judge Michael joined.

_____

**COUNSEL**

**ARGUED:** Stanford Beryl Adler, ADLER, ROSEN & PETERS,
P.C., Virginia Beach, Virginia, for Appellant. Matthew Wayne Tif-
fany, W. WAYNE TIFFANY, ATTORNEY AND COUNSELOR AT
LAW, Virginia Beach, Virginia, for Appellee. **ON BRIEF:** Lisa
Ehrich, ADLER, ROSEN & PETERS, P.C., Virginia Beach, Virginia,
for Appellant.

**OPINION**

WILKINS, Circuit Judge:

Miller Oil Company, Incorporated (Miller Oil) appeals a decision of the district court awarding attorneys' fees to Rosemary Cromich McDonnell pursuant to § 107(a)(3) of the Family and Medical Leave Act (FMLA) of 1993. See 29 U.S.C.A. § 2617(a)(3) (West Supp. 1997). For the reasons that follow, we remand for further proceedings consistent with this opinion.

I.

In December 1994, McDonnell--who had been employed by Miller Oil since 1990--went on maternity leave. She attempted to return to her employment with Miller Oil in February 1995, but instead was terminated. She subsequently filed suit against Miller Oil under the FMLA, claiming that Miller Oil had violated the FMLA by failing to restore her to the position she had held prior to taking maternity leave. See 29 U.S.C.A. § 2614(a)(1)(A) (West Supp. 1997). At trial, the parties sharply disputed the events leading to McDonnell's termination. McDonnell asserted that upon notifying Miller Oil that she was ready to return to work, she was informed that her position was no longer available and that there were no other openings. In contrast, Miller Oil maintained that McDonnell had declared that she no longer wished to work full time, that she refused all of the part-time positions offered to her, and that she gave the impression that she preferred not to work at all. Miller Oil further contended that it agreed to terminate McDonnell--rather than accept her voluntary resignation --so that she could receive unemployment benefits. Additionally, Miller Oil presented evidence concerning McDonnell's failure to mitigate her damages by engaging in a meaningful search for other employment.

At the conclusion of the trial, a jury found in favor of McDonnell on her claim under the FMLA, but awarded zero damages. The district court modified the verdict to award nominal damages of $1; pursuant to statute, this amount was doubled to $2 and prejudgment interest of $.10 was added. See 29 U.S.C.A.§ 2617(a)(1) (West Supp. 1997). McDonnell thereafter moved for a new trial on the issue of

2

damages. The district court denied the motion, and we affirmed. See McDonnell v. Miller Oil Co., 110 F.3d 60 (4th Cir. 1997) (per curiam) (unpublished table decision).

McDonnell subsequently moved for an award of attorneys' fees pursuant to 29 U.S.C.A. § 2617(a)(3). Observing that the FMLA mandates an award of fees when a plaintiff has received a judgment, the district court concluded that any such award must be"meaningful." McDonnell v. Miller Oil Co., 968 F. Supp. 288, 293 (E.D. Va. 1997). Thus, although the court noted that its preference would be to award no attorneys' fees, see id., it nevertheless awarded $19,698.81 in fees* and an additional amount for costs, see id. at 295.

II.

The FMLA provides in pertinent part that the district court "shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee ... to be paid by the defendant." 29 U.S.C.A. § 2617(a)(3). Miller Oil does not dispute that this statutory language mandates an award of fees when the plaintiff receives a judgment in an action under the FMLA, as McDonnell did here. Rather, Miller Oil contests the calculation of the fee award, arguing that the amount awarded is unreasonable in light of the fact that McDonnell received only nominal damages. We review the amount of an award of attorneys' fees only to determine whether the district court has abused its discretion. See Colonial Williamsburg Found. v. Kittinger Co., 38 F.3d 133, 138 (4th Cir. 1994). Although reversal for abuse of discretion should be reserved for those instances in which the district court is "clearly wrong," id., "[a] district court by definition abuses its discretion when it makes an error of law," Koon v. United States, 116 S. Ct. 2035, 2047 (1996). See Daly v. Hill, 790 F.2d 1071, 1085 (4th Cir. 1986).

_____

*The amount awarded was ten percent less than the amount requested by McDonnell. The district court based the reduction on the fact that "at least 10 percent of the attorneys' time both in court and out of court was spent attempting to prove damages," an effort at which they failed. McDonnell, 968 F. Supp. at 295. McDonnell does not challenge this reduction.

3

In calculating an award of attorneys' fees, a district court should "determine[ ] a `lodestar' figure by multiplying the number of reasonable hours expended times a reasonable rate." Daly, 790 F.2d at 1077. In deciding what constitutes a "reasonable" number of hours and rate, the district court generally is guided by the following particular factors:

> "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases."

EEOC v. Service News Co., 898 F.2d 958, 965 (4th Cir. 1990) (quoting Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978)).

As the Supreme Court has recognized, "the most critical factor" in calculating a reasonable fee award "is the degree of success obtained," and when "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Hensley v. Eckerhart, 461 U.S. 424, 436 (1983); see Farrar v. Hobby, 506 U.S. 103, 114-15 (1992). Thus, even when an award of attorneys' fees is mandatory, the district court may decrease the amount of fees that might otherwise be awarded in order to account for the plaintiff's limited success. See Carroll v. Wolpoff & Abramson , 53 F.3d 626, 627, 629-30 (4th Cir. 1995) (concluding that district court did not abuse its discretion in awarding only $500 in attorneys' fees pursuant to a mandatory fee provision--in contrast to the plaintiff's request for almost $9,800--when the plaintiff received only $50 in statutory damages); see also Burnley v. Short, 730 F.2d 136, 141 (4th Cir. 1984) (explain-

4

ing that even when an award of attorneys' fees is mandatory, the amount to be awarded remains "within the sound discretion of the trial court"). In accounting for the plaintiff's limited success, a court should examine "the size of the proposed attorney's fee ... award in comparison with the total damage award." Thomas v. Peacock, 39 F.3d 493, 506 (4th Cir. 1994), rev'd on other grounds, 516 U.S. 349 (1996). "Such a comparison promotes the court's `central' responsibility to `make the assessment of what is a reasonable fee under the circumstances of the case,'" for "the awarding of nominal damages ... highlights the plaintiff's failure to prove actual, compensable injury." Farrar, 506 U.S. at 114-15 (quoting Blanchard v. Bergeron, 489 U.S. 87, 96 (1989)).

Here, it is unclear whether the district court understood its broad discretion to adjust even a mandatory award of attorneys' fees to account for the limited nature of McDonnell's victory. The court noted that if the fee provision of the FMLA was permissive rather than mandatory, the court would not have awarded any fees "because a jury awarding a plaintiff zero dollars may well be tantamount to a finding for the defendant perversely thus expressed." McDonnell, 968 F. Supp. at 293 (internal quotation marks omitted). Indeed, in discussing the degree of McDonnell's success in the merits phase of the litigation, the court commented that she "won a very limited victory, and ... she was very fortunate to get even that." Id. at 295. But, "because of the distinctive language in the FMLA's attorney's fee provision," the court concluded that McDonnell was entitled to "some meaningful measure of attorney's fees, despite [her] rather limited victory at trial." Id. at 293.

If the district court misunderstood the nature and extent of its ability to determine a reasonable amount of attorneys' fees notwithstanding the mandatory nature of the fee provision of the FMLA, the resulting fee award is the product of legal error and thus constitutes an abuse of discretion. See Daly, 790 F.2d at 1085. Whether such a misunderstanding existed, however, is not entirely clear in light of the decision of the court to reduce the total fee award to account for McDonnell's failure to prove damages, indicating that the district court may in fact have understood its discretion and exercised it accordingly. Under these circumstances, we believe the best course is

5

to remand the case for the district court to reconsider its award in light of this opinion.

III.

Because it is not clear whether the district court correctly understood the nature and extent of its discretion to adjust a mandatory attorneys' fee award to account for the limited success achieved by the plaintiff, we remand for reconsideration of the award in light of this opinion.

<u>REMANDED</u>