UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ANGELA D. ESTES,
                    *Plaintiff-Appellee,*

v.

MERIDIAN ONE CORPORATION;
MEMBER FAX PROGRAM,
INCORPORATED, d/b/a The Fax Pros,
                    *Defendants-Appellants.*

No. 99-2662

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CA-99-34-A)

Argued: December 6, 2000

Decided: March 23, 2001

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Michael Ennis Terry, TERRY & GORE, Nashville, Tennessee, for Appellants. Martin Patrick Hogan, GROMFINE & TAYLOR, P.C., Alexandria, Virginia, for Appellee. **ON BRIEF:** Grady C. Frank, Jr., Rebecca E. Kuehn, LECLAIR RYAN, Alexandria, Virginia, for Appellants.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Angela Estes sued Meridian One Corporation and Member Fax Program, Incorporated (together, "Meridian One") for violating the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2615(a). A jury awarded her $1,297.58 in damages, and the district court granted her motion for attorneys' fees and costs after reducing the amounts requested by twenty percent. Meridian One now appeals and we affirm.

I.

Meridian One hired Estes on October 15, 1997. While she was employed by the company, Estes held several different positions, including those of member sales agent, service manager, and customer service administrator. In the sales and service positions Estes received a base salary and was paid commissions for her sales of office equipment, service, and equipment maintenance agreements. Meridian One never disciplined Estes, and her work performance was satisfactory.

On March 13, 1998, Estes was diagnosed with breast cancer, and she promptly informed Meridian One of her condition. Estes had a mastectomy on May 8, 1998, and reconstructive surgeries on September 25, 1998, and October 8, 1998. She missed several days of work to recover from the surgeries and expended all of her accrued paid leave.

In late November 1998 Estes met with Meridian One's president, Terri Sullivan, and other officers of the company to discuss a FMLA leave of absence. Estes informed them that she needed to take FMLA leave in January 1999 to undergo additional reconstructive surgery. Sullivan responded by striking a conference table with her fist and

stating, "[D]on't lay that on me, I am not here to care about your health, I don't care about your health. . . . I am not here to care about your health, I am here to make money for my company. As a matter of fact, I don't care about your health."

After her meeting with Sullivan, Estes experienced adverse treatment at work. In December 1998 Estes was demoted from the position of customer service administrator to a sales representative. The new position had fewer responsibilities than her previous positions, and the company required her to fulfill demanding sales quotas. On January 14, 1999, the date Estes started her FMLA leave, Sullivan stripped Estes of a major account with the U.S. House of Representatives. Although Estes had obtained the lucrative congressional account and had been told that she was entitled to receive all of the commissions on the account, Sullivan nevertheless transferred the account and the rights to obtain commissions to several other employees.

Estes filed this action against Meridian One in the U.S. District Court for the Eastern District of Virginia on January 14, 1999, alleging several substantive violations of the FMLA. When Sullivan learned of the suit, she announced to other employees that Estes was "done." Meridian One subsequently refused to pay Estes commissions that accrued during the time she was on FMLA leave and failed to pay her base salary on January 29, 1999. When Estes returned from FMLA leave on February 12, 1999, she was demoted to dispatcher, and Meridian One significantly reduced her ability to earn commissions. Although the company employed a janitorial firm to clean its offices, Sullivan forced Estes to clean her own office while she was recuperating from her reconstructive surgery. On April 12, 1999, Estes received another demotion and was assigned to the position of data entry clerk. In addition, Meridian One's management staff repeatedly harassed and threatened Estes. For example, on one occasion in late April or early May 1999 a supervisor told Estes that he had to leave work early that day so that "he wouldn't do something to her." Meridian One finally terminated Estes on June 1, 1999.

Estes supplemented her complaint in September 1999 to include a claim that Meridian One retaliated against her for taking FMLA leave. In addition, Estes sought front pay and commissions, back pay,

and other damages. The case proceeded to trial, and on September 21, 1999, the jury returned a verdict in favor of Estes. The jury answered the following questions in the affirmative:

> 1. Did the Plaintiff Angela Estes show by a preponderance of the evidence that Defendants discharged or in any other manner discriminated against her because of her request for leave, or because she used medical leave?

> 2. Did the Plaintiff show by a preponderance of the evidence that Defendants discharged or in any other manner discriminated against her because she filed a lawsuit under the FMLA on January 14, 1999, in the U.S. District Court for the Eastern District of Virginia?

Question 3 of the verdict form related to damages, and the jury awarded Estes damages in only one category — "unpaid commissions." The $1,297.58 awarded for this category represented the commissions that Meridian One failed to pay Estes while she was on FMLA leave from January 14, 1999, to February 12, 1999. The jury found that Estes was not entitled to any damages in the categories of "lost wages" and "interest." After the verdict Estes moved pursuant to 29 U.S.C. § 2617(a)(3) for an award of $88,388.75 in attorneys' fees and $6,727.29 in costs. Meridian One cross-moved pursuant to Fed. R. Civ. P. 50(b) for judgment as a matter of law, challenging the jury's verdict. In the alternative, Meridian One asked the court to deny or reduce Estes's request for attorneys' fees and costs.

The district court denied Meridian One's motion for judgment as a matter of law. *See Estes v. Meridian One Corp.*, 77 F. Supp. 2d 722, 724 (E.D. Va. 1999). Meridian One argued to the district court that an employee does not have the right to recover commissions that are earned while the employee is on FMLA leave. The court, however, disagreed and held that an employee like Estes could recover earned commissions under the FMLA. The court noted that 29 U.S.C. § 2617(a)(1)(A)(i)(I) provides that "[a]ny employer who violates [the FMLA] shall be liable to any eligible employee affected for damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation." The district court determined that the commissions were

properly awarded as damages because they constituted "other compensation" under 29 U.S.C. § 2617(a)(1)(A)(i)(I). *See Estes*, 77 F. Supp. 2d at 726. In addition, the court held that FMLA's implementing regulations allow employees to recover commissions that are earned prior to or during FMLA leave. 29 C.F.R. § 825.215(c)(2) provides that a "monthly production bonus . . . does require performance by the employee. If the employee is on FMLA leave during any part of the period for which the bonus is computed, the employee is entitled to the same consideration for the bonus as other employees on paid or unpaid leave (as appropriate)." The district court concluded that Estes's commissions were the equivalent of a monthly production bonus because Meridian One's commissions were paid to employees based on the employees' monthly sales record. *See Estes*, 77 F. Supp. 2d at 726. The court noted that Estes had earned the commissions, thereby fulfilling the regulation's "performance" requirement. The court also stated that the evidence demonstrated that Meridian One paid earned commissions to employees who were on paid and unpaid leave. Thus, the court concluded that Estes should have received the same consideration for the commissions as Meridian One's other employees. *See id.* at 727.

In concluding that the jury's award of damages was sustainable, the district court also recognized that there was sufficient evidence for the jury to find that Meridian One's actions were unlawful under the FMLA. According to the court, Estes "succeeded in 'persuading the [jury] that a discriminatory reason more likely motivated' [Meridian One's] personnel actions against [her]." *Id.* at 727 (quoting *Tex. Dep't of Comty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). The court specifically noted that Meridian One's proffered justifications for its actions "were essentially 'unworthy of credence' and served as a pretext for [its] actual motivation." *Id.* (quoting *Burdine*, 450 U.S. at 256).

The district court then awarded Estes attorneys' fees and costs. In assessing the request for fees and costs, the court performed the twelve-factor analysis set out in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). The court found that the case was exceptionally difficult and that Estes's lawyer spent many hours working on her behalf. The court also noted that her lawyer's hourly rate of $175.00 was reasonable and that he accurately accounted for the work he per-

formed. *See Estes*, 77 F. Supp. 2d at 728-29. Nevertheless, the district court recognized that it had the discretion to adjust the fee award to account for the limited success of the litigation. *See id.* at 729 (citing *McDonnell v. Miller Oil Co.*, 134 F.3d 638, 641 (4th Cir. 1998)). Meridian One argued that the district court should reduce the fees to reflect Estes's limited damages award of $1,297.58. (In her complaint Estes had requested front pay and commissions, back pay, and other damages, but the jury only awarded the commissions as damages.) The court agreed with Meridian One to some extent and reduced the award of attorneys' fees and costs by twenty percent. Specifically, the district court awarded Estes $70,711.00 in attorneys' fees and $5,381.83 in costs. *See id.* Meridian One now appeals the denial of its Fed. R. Civ. P. 50(b) motion and the district court's award of attorneys' fees and costs.

We review de novo the denial of Meridian One's motion for judgment as a matter of law, viewing the evidence in the light most favorable to Estes and drawing all reasonable inferences in her favor. *See Brice v. Nkaru*, 220 F.3d 233, 237 (4th Cir. 2000). Judgment as a matter of law is appropriate only when "there is no legally sufficient evidentiary basis for a reasonable jury to find for" the nonmoving party. Fed. R. Civ. P. 50(a)(1). Although we must review the record as a whole, "'[c]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Reeves v. Sanderson Plumbing Prods.*, 120 S. Ct. 2097, 2110 (2000) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986)). We review the district court's award of attorneys' fees for an abuse of discretion. *See McDonnell v. Miller Oil Co.*, 134 F.3d 638, 640 (4th Cir. 1998). A district court abuses its discretion when it makes an error of law and is "clearly wrong." *Id.*

II.

After considering the joint appendix, the parties' briefs, and the oral arguments of counsel, we are persuaded that the district court reached the correct results. Specifically, the district court properly denied Meridian One's Rule 50(b) motion because the evidence was sufficient to support the jury's award of damages for unpaid commissions. Moreover, the district court did not abuse its discretion in awarding fees and costs to Estes in the amounts designated. We there-

fore affirm substantially on the reasoning of the district court. *See Estes v. Meridian One Corp.*, 77 F. Supp. 2d 722 (E.D. Va. 1999).

One issue does merit further discussion. Meridian One argues on appeal that Estes did not "earn" the $1,297.58 in commissions that the jury awarded to her. Meridian One points out that 29 U.S.C. § 2617(a)(1)(A)(i)(I) only entitles an employee to recover earned "compensation." The company claims that Estes could not earn commissions because she did not have any contractual right to receive them. The jury's damages award was therefore improper, according to Meridian One.

Estes offered evidence at trial to establish that she earned the commissions represented by the jury's damages award. She introduced a list of invoices reflecting sales that were made while she was on FMLA leave. The list indicated that the invoiced sales generated several thousand dollars in employee commissions. Estes also introduced her named account list, which included the names of 250 clients that she serviced on a regular basis. Estes testified that she had an agreement with Meridian One to receive commissions on sales that she worked on or on any sales that had been made to a client on her named account list. Estes further testified that she in fact earned the commissions for the sales on the invoice list because she either had performed work in preparation for the sales or the sales had been made to clients who were on her named account list. In addition, Estes testified (and presented documentary evidence) that other employees had received commissions on their named accounts regardless of whether they were on paid or unpaid leave.

Meridian One emphasizes on appeal that Terri Sullivan, the company president, testified that Estes was not entitled to receive the commissions on the invoice list. Sullivan claimed at trial that Estes's named account list included only three clients and that Estes did not perform any work on the sales reflected on the invoice list.

The issue of whether Estes earned the $1,297.58 in commissions was put squarely to the jury in the following instruction from the district court:

> In this case one of the questions you must decide is whether Ms. Estes is entitled to any unpaid commissions.

Specifically, you must decide whether Ms. Estes has shown by a preponderance of the evidence that she:

> (1) Was entitled to commissions under the compensation plan while working and on leave;
>
> (2) That she earned commissions under that plan;
>
> (3) That she was not paid earned commissions;
>
> And (4), if she is entitled to recover commissions, what amount of unpaid commissions is she entitled to recover?

The jury answered this question in favor of Estes by specifically awarding her $1,297.58 for "unpaid commissions."

In seeking to have the judgment set aside, Meridian One in effect asks us to reject Estes's testimony and to accept Sullivan's. Meridian One misunderstands the scope of our review. Weighing evidence and assessing the credibility of witnesses were functions for the jury. Our role is limited to reviewing the record to determine whether there is a "legally sufficient evidentiary basis for a reasonable jury to find" in favor of Estes. Fed. R. Civ. P. 50(a)(1). After reviewing the record, we conclude that there was a sufficient evidentiary basis for the jury to find that Estes was entitled to $1,297.58 in unpaid commissions.

Accordingly, we affirm the judgment and the district court's order awarding fees and costs.

*AFFIRMED*