NIEMEYER, Circuit Judge,
concurring in part and dissenting in part:
After nearly four years of litigation, both Hal Moore and Melanie Moore were found to have breached their non-compete agreements with Western Insulation, LP, and each was ordered to pay $100 in nominal damages. In addition, Western obtained an injunction against Melanie.
Each non-compete agreement provided that the “prevailing party” in an action to enforce it “shall be entitled to reasonable attorneys’ fees,” and the district court ordered Hal to pay $41,606.46 in attorneys fees and Melanie to pay $165,414.83. The court reasoned that Hal should pay one-fourth of the fees that Western incurred during an earlier appeal to our court and that Melanie should pay: one-fourth of the fees that Western incurred to try the case; one-fourth of the fees that Western incurred during the first appeal; and one-half of the fees Western incurred on remand. The district court also included in the amounts assessed against both Hal and Melanie an 8% enhancement because the case was “lengthy and complex.”
*383 The majority opinion affirms the attorneys fee awards, finding them to be reasonable.
I concur in the majority’s opinion to the extent that it affirms the base award (without the 8% enhancement) assessed against Melanie. But I conclude that the assessment of $41,606 against Hal is excessive, given that Western recovered only $100 in nominal damages from him. I also conclude that the 8% enhancement is an abuse of discretion. Thus, I would reduce the assessment against Melanie to $153,161.88, and I would vacate the assessment against Hal and remand for the district court to determine a reasonable amount of attorneys fees for Hal to pay in light of Western’s limited victory against him.
To begin, I agree with the majority that because Western’s claim to attorneys fees stems from a contract that specified it was to be interpreted and enforced in accordance with Virginia law, Virginia law governs the award of fees in this case. Additionally, I agree that under Virginia law, Western is the “prevailing party” and is accordingly entitled to attorneys fees from the Moores pursuant to the parties’ contract. But Western is entitled to only reasonable attorneys fees. With respect to the assessment against Hal, the question thus becomes what fee is reasonable when the plaintiffs only recovery was nominal damages.
The Supreme Court has addressed this issue, noting generally that “‘the most critical factor’ in determining the reasonableness of a fee award ‘is the degree of success obtained.’ ” Farrar v. Hobby, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Indeed, the Court has specifically noted that “[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all.” Id. at 115, 113 S.Ct. 566. Although these pronouncements of the Supreme Court came in the context of reviewing fees awarded pursuant to 42 U.S.C. § 1988, the principles nonetheless provide guidance here and strongly suggest that it is unreasonable to order Hal, from whom the plaintiff has only recovered nominal damages of $100, to pay $41,606 in attorneys fees.
Similarly, our precedents demonstrate that when a plaintiff is entitled to reasonable attorneys fees, the district court must account for the plaintiffs limited success in calculating the fee, “examin[ing] the size of the proposed attorney’s fee ... award in comparison with the total damage award.” McDonnell v. Miller Oil Co., 134 F.3d 638, 641 (4th Cir.1998) (internal quotation marks and citation omitted) (vacating district court’s award of nearly $20,000 in fees pursuant to a mandatory fee-shifting statutory provision to a plaintiff who otherwise recovered only nominal damages); see also Carroll v. Wolpoff & Abramson, 53 F.3d 626, 629-31 (4th Cir.1995) (affirming the district court’s award of $500 in attorneys fees where plaintiff obtained only $50 in damages).
Most importantly, the Supreme Court of Virginia has held that a reasonable fee should reflect “the results obtained” by the prevailing party. Chawla v. BurgerBusters, Inc., 255 Va. 616, 499 S.E.2d 829, 833 (1998). The majority opinion correctly describes Ulloa v. QSP, Inc., 271 Va. 72, 624 S.E.2d 43, 49 (2006), as holding that a plaintiff who established that the defendant breached the' parties’ contract but who recovered no monetary damages for the claim was nonetheless entitled to attorneys fees pursuant to a contractual provision. But the court in that case ultimately reversed the trial court’s substantial award of attorneys fees and remanded so that the trial court could reconsider the amount, *384 noting that the plaintiffs degree of success was a significant consideration in evaluating the reasonableness of the award and that “the results obtained by QSP in its litigation against Ulloa can be characterized, at best, as marginally successful.” Id. at 50.
As in Ulloa, we should in this case remand so that the district court can reconsider the amount of attorneys fees in light of Western’s Pyrrhic victory against Hal.[1]
The majority opinion, in contrast, finds that the district court ordered Hal to pay a reasonable amount of attorneys fees, approvingly noting that the district court found it appropriate to require Hal to pay one-fourth of the fees Western incurred in the appeal before us “because this Court held that Hal had violated his agreement not to compete, constituting a final judgment on the issue of Hal’s breach.” Ante at 382. Yet, our declaration of Hal’s fault during the earlier appeal was not the primary rationale provided by the district court for its decision to order Hal to pay one-fourth of Western’s fees for that appeal. Instead, the district court purported to justify the award by noting that “the Fourth Circuit ruled in Western’s favor on the issue of injunctive relief with respect to both defendants.”[2] J.A. 339; see id. (“Since the Fourth Circuit’s decision reversing the Court’s order on the issue of injunctive relief affected both Hal and Melanie, they will share the burden of paying Western for the cost of litigating the case before the Fourth Circuit”). Indeed, there was good reason for the district court not to have focused on our finding that Hal had breached the agreement in making its fee calculation. While we did describe as a breach of contract Hal’s hiring of two former Western employees, the issue was not disputed in the appeal before us. See Western Insulation, L.P. v. Moore, 242 Fed.Appx. 112, 118 n. 5 (4th Cir.2007) (“The district court found that Hal’s hiring of these employees constituted a breach of his Non-Compete but that Western failed to prove any damages therefrom. The Moores do not dispute that these hirings constituted breaches, and Western does not challenge the determination that it failed to prove any damages therefrom”).
Therefore, in this case, I cannot agree that it was reasonable for the district court to have ordered Hal to pay $41,606.46 in attorneys fees because that was a portion of the fees incurred at the stage “of the *385 litigation where his fault was determined.” Ante at 382.
With respect to the 8% enhancement of the fee award based on the case’s length and complexity, our court and the Supreme Court have recognized that “as a general rule, the novelty and complexity of a lawsuit will be reflected in the number of billable hours” and that “ ‘[n]either complexity nor novelty of the issues, therefore, is an appropriate factor in determining whether to increase the basic fee award.’ ” Daly v. Hill, 790 F.2d 1071, 1078 (4th Cir.1986) (quoting Blum v. Stenson, 465 U.S. 886, 898-99, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). I would, accordingly, vacate the 8% enhancement of Western’s fee award against Melanie, reducing the award assessed against her from $165,414.83 to $153,161.88, and direct that such an enhancement not be considered by the district court in determining a reasonable attorneys fee award in Western’s favor against Hal.

. Interestingly, the district court at first recognized that any fee award imposed upon Hal must reflect Western's failure to recover any meaningful form of relief from him, observing that "[t]he fact that Western obtained very little relief against Hal suggests that an award of fees against him is not warranted.” J.A. 334. Despite this acknowledgment, the district court imposed a substantial award against Hal. In my view, it is necessary to remand so that the district court can simply act upon its earlier recognition that the fee award must bear some relation to the relief recovered.

. The district court’s reliance on this court's ruling on injunctive relief in the first appeal also demonstrates the unreasonableness of the fee award. In Western Insulation, L.P. v. Moore, 242 Fed.Appx. 112, 124-25 (4th Cir. 2007), the court did not hold or even suggest that Western was entitled to injunctive relief against Hal; it merely "reversefd] the ruling of the district court that injunctive relief should not be awarded because the relief requested would impact third parties not before the court” and ”remand[ed] to the district court to determine in the first instance whether to award such relief,” expressing “no opinion on whether any particular form of injunc-tive relief — or, indeed, any injunctive relief at all — would be appropriate.” I would accordingly hold that the district court abused its discretion by basing the award against Hal solely on fees spent obtaining the Fourth Circuit’s reversal of the district court's denial of injunctive relief, when the district court on remand again refused to order injunctive relief against Hal.