PUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THOMAS AX. BRODZIAK,
Plaintiff-Appellant,

v.

MARVIN RUNYON, Postmaster
General,
Defendant-Appellee.

No. 97-1390

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Daniel E. Klein, Jr., Chief Magistrate Judge.
(CA-94-2001-JFM)

Argued: April 6, 1998

Decided: May 26, 1998

Before WILKINS and LUTTIG, Circuit Judges, and
G. ROSS ANDERSON, JR., United States District Judge
for the District of South Carolina,
sitting by designation.

_____

Vacated and remanded by published opinion. Judge Wilkins wrote the
opinion, in which Judge Luttig and Judge Anderson joined.

_____

**COUNSEL**

**ARGUED:** James Joseph Nolan, Jr., PIERSON, PIERSON &
NOLAN, Baltimore, Maryland, for Appellant. William Warren
Hamel, Assistant United States Attorney, Baltimore, Maryland, for

Appellee. **ON BRIEF:** Lynne A. Battaglia, United States Attorney, Baltimore, Maryland, for Appellee.

_____

## OPINION

WILKINS, Circuit Judge:

Thomas Ax. Brodziak appeals a magistrate judge's **1** order awarding Brodziak attorneys' fees and costs pursuant to 42 U.S.C.A. § 2000e-5(k) (West 1994), contending that the magistrate judge erred in basing the amount of the award on a purely mathematical comparison between the number of claims pressed and the number prevailed upon. For the reasons that follow, we vacate the award of fees and costs and remand for further proceedings consistent with this opinion.

I.

Brodziak has been employed by the United States Postal Service (USPS) since 1987. He filed this action in 1994, alleging that he had been denied training and overtime opportunities on the basis of his race and in retaliation for previous complaints of racial discrimination. Brodziak's claims were based primarily on the actions of Aaron Bazemore, who was Brodziak's supervisor from January to June 1993; however, Brodziak also maintained that he had been denied training by Walter Johnson and overtime by Cordis Stanfield. The case was submitted to a jury only on Brodziak's claim that Bazemore had denied him training for discriminatory reasons, retaliatory reasons, or both.**2** The jury found that Bazemore had discriminatorily denied training to Brodziak and awarded $50,000 in damages. The

_____

**1** All proceedings in this action were conducted by a magistrate judge pursuant to the consent of the parties. See 28 U.S.C.A. § 636(c) (West 1993 & Supp. 1998).

**2** The magistrate judge granted summary judgment to the USPS on Brodziak's claims that he was denied overtime; at the close of Brodziak's case at trial, the judge limited the time period of the claims to January through June 1993, effectively eliminating Brodziak's assertion that Johnson denied him training.

2

magistrate judge subsequently awarded back pay in the amount of $5,630.12, plus prejudgment interest.

Following the verdict, Brodziak moved for an award of attorneys' fees and costs. Concluding that Brodziak had succeeded on 40 percent of his claims "at best," the magistrate judge reduced the requested attorneys' fees and costs by 60 percent.**3** J.A. 126. Brodziak now appeals.

II.

A court may award, in its discretion, reasonable attorneys' fees and costs to a prevailing plaintiff in an employment discrimination action. See 42 U.S.C.A. § 2000e-5(k). We review the amount of an award of attorneys' fees and costs only for an abuse of discretion. See Colonial Williamsburg Found. v. Kittinger Co., 38 F.3d 133, 138 (4th Cir. 1994). Reversal for abuse of discretion is reserved for those instances in which the court is "clearly wrong"; an award within the discretion of the court should be affirmed "even though we might have exercised that discretion quite differently." Johnson v. Hugo's Skateway, 974 F.2d 1408, 1418 (4th Cir. 1992) (en banc) (internal quotation marks omitted). However, a "court by definition abuses its discretion when it makes an error of law." Koon v. United States, 116 S. Ct. 2035, 2047 (1996); see Daly v. Hill, 790 F.2d 1071, 1085 (4th Cir. 1986).

In calculating an award of attorneys' fees, a court usually should "determine[ ] a `lodestar' figure by multiplying the number of reasonable hours expended times a reasonable rate." Daly, 790 F.2d at 1077. In deciding what constitutes a "reasonable" number of hours and rate, the district court generally is guided by the following particular factors:

> "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the

_____

**3** The magistrate judge then added ten percent to the reduced figure to account for Brodziak's significant success on the claim for discriminatory denial of training. The parties do not challenge this increase.

3

customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases."

EEOC v. Service News Co., 898 F.2d 958, 965 (4th Cir. 1990) (quoting Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978)).

As the Supreme Court has recognized, "the most critical factor" in calculating a reasonable fee award "is the degree of success obtained"; when "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Hensley v. Eckerhart, 461 U.S. 424, 436 (1983); see Farrar v. Hobby, 506 U.S. 103, 114-15 (1992). However, the Hensley Court explicitly rejected the notion that a court may calculate an award of attorneys' fees by means of a purely mathematical comparison between the number of claims pressed and the number prevailed upon, observing that "[s]uch a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors." Hensley, 461 U.S. at 435 n.11. Rather, the appropriate inquiry concerns whether the claims on which the plaintiff prevailed are related to those on which he did not. When successful claims are unrelated to unsuccessful claims, it is not appropriate to award fees for the latter. See id. at 435. When, however, all claims "involve a common core of facts ... [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." Id.; see Johnson, 974 F.2d at 1419 (remanding for reconsideration of a fee award when the district court may have reduced the award to account for the fact that the plaintiff prevailed on only one of three claims, when all of the claims arose from the same operative facts and the plaintiff achieved a sizeable verdict); see also Hensley, 461 U.S. at 435 (explaining that "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejec-

4

tion of or failure to reach certain grounds is not a sufficient reason for reducing a fee.").

Here, the magistrate judge awarded only 40 percent of the requested fees and costs based on a determination that Brodziak prevailed on only 40 percent of his claims. This reasoning contravenes the principle set forth in <u>Hensley</u> that awards of fees and costs should not be based simply on the ratio of claims raised to claims prevailed upon. Accordingly, we vacate the award of attorneys' fees and costs. On remand, the magistrate judge should consider the relationship between various claims raised by Brodziak and the degree of overall success obtained in determining an appropriate award of fees and costs.[4] <u>See Hensley</u>, 461 U.S. at 434-35.

III.

For the reasons set forth above, we vacate the award of attorneys' fees and costs and remand for further proceedings consistent with this opinion.

<u>VACATED AND REMANDED</u>

_____

[4] We of course intimate no view regarding the appropriate amount of fees and costs to be awarded. We note, however, that the magistrate judge failed to rule on Brodziak's request for paralegal and law clerk fees and should do so on remand.

5