**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANNA M. LLORA,
Plaintiff-Appellant,

v.                                                              No. 98-1484

H. K. RESEARCH CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Graham C. Mullen, District Judge.
(CA-93-15-5-MU)

Submitted: October 6, 1998

Decided: November 16, 1998

Before LUTTIG and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Oma H. Hester, Jr., Hickory, North Carolina, for Appellant. E. Mur-
ray Tate, Jr., Kevin C. McIntosh, TATE, YOUNG, MORPHIS,
BACH & TAYLOR, L.L.P., Hickory, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anna Llora appeals the district court's order awarding counsel attorney's fees in the amount of $1352.39, and the district court's failure to rule on Llora's motion for costs. We affirm the district court's award of attorney's fees, and remand in order for the district court to rule on the motion for costs.

Llora filed this action against her former employer, H K Research Corporation (HK), asserting several claims regarding her compensation for and discharge from employment. Llora prevailed on two of her three counts, but was only awarded $4061.22, after requesting over $20,000. Llora's counsel filed a post-trial motion for attorney's fees and expenses, setting forth 94.42 hours of attorney time at $90.00 per hour, for a claimed fee of $8,497.80, and costs totaling $650.79. The district court awarded $1353.74 in attorney's fees, stating as its reasoning only that attorney's fee awards should bear a reasonable relation to the results in the case. On appeal, this court vacated and remanded the district court's order, holding that the district court abused its discretion by failing to use the lodestar method to determine the proper fee amount, and by failing to provide a detailed explanation of the factors it considered in making the award.

On remand, the district court considered the factors outlined in Johnson v. Georgia Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974), and awarded Llora attorney's fees in the amount of $1352.39. Llora timely appealed.

This court reviews an award of attorney's fees and costs for abuse of discretion. See Brodziak v. Runyon, 145 F.3d 194, 196 (4th Cir. 1998). A request for attorney's fees should not result in a "second major litigation," and this court affords considerable discretion to the district court in fixing attorney's fees. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

2

We find that the district court properly considered the twelve factors used to determine a reasonable fee. See Brodziak, 145 F.3d at 196; McDonnell v. Miller Oil Co., 134 F.3d 638, 640 (4th Cir. 1998). Further, the district court correctly placed emphasis on the fact that Llora's success on her claims was very limited, that she was only awarded $4061.22 after having requested over $20,000 in damages, and that Llora lost on her retaliatory discharge claim, which took up the bulk of counsel's time and which also formed the bulk of Llora's request for damages. See Hensley, 461 U.S. at 436-37; Brodziak, 145 F.3d at 197. The district court did not abuse its broad discretion in determining the fee amount.

However, it appears from the record that the district court neglected to rule on Llora's motion for costs and expenses in the amount of $650.79. Accordingly, we affirm the district court's award of attorney's fees, and we vacate and remand in order for the district court to rule on the motion for costs and expenses. We grant HK's motion to submit on the briefs because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED AND REMANDED IN PART

3