**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GRIFFIN ROGERS,
Plaintiff-Appellant,

v.                                                                    No. 98-2253

CITY OF VIRGINIA BEACH, VIRGINIA,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CA-97-1073-2)

Argued: May 18, 1999

Decided: July 15, 1999

Before MICHAEL, MOTZ, and KING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Aquinas Woodley, MULHOLLAND &
HICKEY, Washington, D.C., for Appellant. Richard Jay Beaver,
Senior Attorney, CITY ATTORNEY'S OFFICE, Virginia Beach,
Virginia, for Appellee. **ON BRIEF:** Gregory K. McGillivary, MUL-
HOLLAND & HICKEY, Washington, D.C., for Appellant. Leslie L.
Lilley, City Attorney, L. Steven Emmert, Senior Attorney, CITY
ATTORNEY'S OFFICE, Virginia Beach, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Griffin Rogers sued his employer, the City of Virginia Beach, challenging its overtime pay policies. The City attempted to settle the case, making an offer of judgment that Rogers declined. The district court subsequently granted summary judgment to Rogers. He then sought attorneys' fees and costs against the City. The court made a partial award of fees and costs, but denied Rogers's request for amounts relating to litigation after the City's offer of judgment. Rogers appeals, and we vacate the fee order and remand for further consideration.

I.

Rogers is employed by the City of Virginia Beach as a firefighter. In 1986 the City adopted a policy of granting compensatory time ("comp time") to employees in lieu of paying cash for overtime hours worked. Employees could then use the comp time at a later date to take paid leave.

Two aspects of the overtime policy are relevant to Rogers's lawsuit. First, the City imposed a cap on the maximum number of hours of comp time that workers could accrue. It also gave department heads the discretion to require employees to use their comp time so as to avoid exceeding the specified limits. Department heads could compel workers to use their comp time leave on days unilaterally chosen by the department. Second, the City also barred employees from using their comp time when a day (or "leave slot") designated by the department was already taken or when the City would have to pay another worker overtime pay to fill in for the employee on leave.

Rogers sought to use some of his accrued comp time in the first part of 1997, but only one day was available under the City's policy,

2

a day that apparently was not suitable to Rogers. In June 1997 he was forced to take 15 hours of leave to reduce his accrued comp time total below the cap imposed by the City. Rogers filed an internal grievance, claiming that the City's comp time policies violated the Fair Labor Standards Act (FLSA). After the fire department rejected his grievance, Rogers sued the City in district court in November 1997. He alleged that the City violated Section 207(o) of the FLSA, 29 U.S.C. § 207(o), in two ways: (1) by forcing employees to take accrued comp time on dates unilaterally chosen by the City; and (2) by denying requests to use comp time when leave slots were unavailable or when the City would have to pay overtime to a replacement worker. Rogers sought back pay, liquidated damages, and a declaration that the City's policies violated federal law.

The City took steps to settle Rogers's lawsuit. It restored the 15 hours of comp time that Rogers had been forced to take in June 1997. It also revised its overtime policy so that department heads could no longer force employees to use their accrued comp time. However, it did not change the policy of denying leave requests when a leave slot was unavailable or when it would have to pay overtime to another worker. In February 1998 the City made an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. The offer of judgment listed the steps taken by the City to address Rogers's grievances. However, Rogers rejected the offer of judgment and continued to prosecute his lawsuit against the City.

In April 1998 Rogers moved for summary judgment against the City. The district court granted this motion, ruling for Rogers on both of the FLSA violations he alleged. The court awarded him back pay, liquidated damages, and reasonable attorneys' fees and costs. Rogers submitted a petition seeking full recovery of $25,210 in attorneys' fees and $2,311 in costs. However, the district court awarded only $7,355 in attorneys' fees and $640 in costs. The court refused to award any fees and costs incurred after the City made its offer of judgment. It explained that the relief granted Rogers by the court "virtually mirrors the City's proposed settlement," so that "plaintiff's counsel unreasonably expended time and labor" by continuing the litigation after receiving the City's offer. Rogers appeals the district court's order limiting fees and costs, contending that he obtained

3

additional benefits beyond the City's offer by continuing to prosecute his lawsuit.

II.

The FLSA provides that the district court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). As the express language of this provision suggests, the award of fees and costs to a prevailing plaintiff is mandatory under the FLSA. Burnley v. Short, 730 F.2d 136, 141 (4th Cir. 1984). A court, as a starting point, should calculate attorneys' fees by multiplying a reasonable hourly rate by the number of hours reasonably expended on the case. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). It may then adjust the fee award up or down to take other considerations into account. Id. at 434. We have adopted the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), to determine whether the fee award should be adjusted.* See Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978). We review the reasonableness of the fee award for abuse of discretion. Brodziak v. Runyon, 145 F.3d 194, 196 (4th Cir. 1998).

The district court reduced its award of attorneys' fees and costs to Rogers based on two of the Johnson factors: (1) the time and labor required and (2) the amount involved and the results obtained. The court reasoned that its judgment order gave Rogers essentially what

_____

*These factors, sometimes called "the Johnson factors," were listed by the Supreme Court in Hensley, 461 U.S. at 430 n.3:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

4

the City had previously offered him in its Rule 68 offer of judgment. Therefore, it found that Rogers's attorneys unreasonably continued to prosecute the case.

We conclude that the district court went beyond its discretion by using a faulty reason to limit its award of attorneys' fees and costs to Rogers. Rogers's complaint alleged two distinct violations of the FLSA by the City: (1) forcing employees to use accrued comp time on dates unilaterally chosen by the City and (2) denying employee leave requests to use accrued comp time when leave slots were not available and when the City would have to pay overtime to a replacement worker. The City changed its overtime policy to address Rogers's first claim; its offer of judgment noted that the policy had been revised. However, the City did nothing with regard to Rogers's second claim and its offer of judgment made no mention of that claim. Despite the City's intransigence on the second claim, the district court ultimately ruled in Rogers's favor on that claim, specifically concluding that the City's policy of denying comp time leave violated the FLSA. The district court was therefore incorrect when it said in its fee order that its ruling on the merits "virtually mirrored" the City's settlement offer. Rather, it held that both of the City's policies challenged by Rogers violated the FLSA, whereas the City's earlier offer related only to Rogers's first claim. In order for Rogers to challenge the City's policy with respect to the denial of comp time leave, it was necessary for him to continue prosecuting his lawsuit after the City made its offer of judgment. Furthermore, Rogers's victory in court on his second claim benefited not only him, but all other city employees subject to the policy. This result would not have been achieved if Rogers had accepted the offer of judgment.

Under these circumstances, the denial of attorneys' fees and costs on the second claim is inconsistent with the mandatory fee language of § 216(b) (the court "shall" award attorneys' fees and costs). We therefore vacate the district court's order setting fees and costs and remand for reconsideration of the fees and costs to be awarded to Rogers.

VACATED AND REMANDED

5