**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SHELBY MCKNIGHT; RENEE LOWERY;
LISA PETERSON; GREGORY FLEMING;
NADRA SMITH; PONNETTE SMITH;
SHEILA SMITH; PATRICIA SPENCER;
EDWARD STOKES; SONYA HAIRSTON;
DYNELLE JOHNSON,
                    *Plaintiffs-Appellees,*                    No. 99-1007

v.

CIRCUIT CITY STORES, INCORPORATED,
                    *Defendant-Appellant.*

SHELBY MCKNIGHT; RENEE LOWERY;
LISA PETERSON; GREGORY FLEMING;
NADRA SMITH; PONNETTE SMITH;
SHEILA SMITH; PATRICIA SPENCER;
EDWARD STOKES; SONYA HAIRSTON;
DYNELLE JOHNSON,
                    *Plaintiffs-Appellees,*                    No. 00-2402

v.

CIRCUIT CITY STORES, INCORPORATED,
                    *Defendant-Appellant.*

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-95-964-3)

Argued: April 3, 2001

Decided: June 19, 2001

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

---

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Gregory Willis Homer, SWIDLER, BERLIN, SHEREFF, FRIEDMAN, L.L.P., Washington, D.C., for Appellant. David Jay Cynamon, SHAW PITTMAN, Washington, D.C., for Appellees. **ON BRIEF:** Gerald S. Hartman, John E. Menditto, SWIDLER, BERLIN, SHEREFF, FRIEDMAN, L.L.P., Washington, D.C.; W. Stephen Cannon, Pamela G. Parsons, Teri C. Miles, CIRCUIT CITY STORES, INC., Richmond, Virginia, for Appellant. Atina S. Harley-Boyce, Amy E. Goldfrank, SHAW PITTMAN, Washington, D.C.; Roderic V.O. Boggs, Avis E. Buchanan, WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS, Washington, D.C.; John A. Gibney, Jr., SHUFORD, RUBIN & GIBNEY, P.C., Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

This case is before the court for the third time. *See Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742 (4th Cir. 1998) [hereinafter *Lowery I*], *vacated and remanded*, 527 U.S. 1031 (1999); *Lowery v. Circuit City Stores, Inc.*, 206 F.3d 431 (4th Cir.) [hereinafter *Lowery II*], *cert. denied*, 121 S. Ct. 66 (2000). Presently at issue are orders of

the district court concerning costs and attorneys' fees. We affirm in part, vacate in part, and remand for further proceedings.

I.

A.

*PROCEDURAL HISTORY*[1]

This suit was commenced by 11 black employees and former employees of Circuit City Stores, Incorporated (collectively, "the Plaintiffs"). They alleged that Circuit City engaged in racial discrimination against them and a class of black employees. They sought relief pursuant to two federal civil rights statutes. *See* 42 U.S.C.A. §§ 1981, 2000e-5 (West 1994).

The case was initially filed in Maryland, but the district court there transferred it to the Eastern District of Virginia. In Virginia, the district court certified a class but then decertified it. Of the Plaintiffs' non-class claims, most were dismissed before or during the trial; the remainder were submitted to the jury, which returned a mixed verdict (as explained in more detail in Part I.B., *infra*). The jury awarded compensatory and punitive damages, and the district court granted injunctive relief. The court also awarded attorneys' fees and costs to the Plaintiffs (as discussed in Part I.C., *infra*).

Circuit City and the Plaintiffs appealed. In *Lowery I*, we vacated certain aspects of the judgment challenged by Circuit City (including the punitive damage award and the fee and costs awards), affirmed the remainder of the judgment, and remanded for a recalculation of fees and costs. *See Lowery I*, 158 F.3d at 768. The Plaintiffs sought review in the Supreme Court, raising four issues. The Supreme Court granted certiorari, vacated our decision, and remanded for further proceedings in light of *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 534-46 (1999) (enunciating standard for punitive damages in discrim-

---

[1]A full discussion of the facts underlying this litigation appears in *Lowery I*. *See Lowery I*, 158 F.3d at 749-57. We will not recapitulate that discussion here, although the issues presently before us require a detailed review of the facts relating to certain aspects of this case.

ination cases). *See Lowery II*, 206 F.3d at 436. In response, we reinstated the punitive damage award but reaffirmed all other holdings in *Lowery I*, including the vacatur of the fee and costs awards and the accompanying remand. *See id.* at 437.

On remand, the district court reduced the fee award slightly but did not alter its prior assessment of costs. The district court also ordered Circuit City to pay interest from the date of the original fee and costs awards, denied Circuit City a bill of costs, and awarded the Plaintiffs fees and costs associated with their certiorari petition. This appeal followed.

## B.

### *RESULTS OF THE PLAINTIFFS' CLAIMS AND REQUESTS FOR RELIEF*

Because "the most critical factor in calculating a reasonable fee award is the degree of success obtained," *McDonnell v. Miller Oil Co.*, 134 F.3d 638, 641 (4th Cir. 1998) (internal quotation marks omitted), we must consider the extent to which the Plaintiffs prevailed on their various claims and received the relief they sought. Here, 11 Plaintiffs submitted over 50 claims and requested unspecified damages and a broad remedial injunction. Ultimately, only two Plaintiffs prevailed on a total of three claims; they received a combined award of $288,700, plus limited injunctive relief. A more detailed review of the Plaintiffs' claims and their results follows.

### 1. *Group Claims and Remedies*

The Plaintiffs filed this case as a class action. The district court initially certified a class but later rescinded the class certification sua sponte. *See Lowery I*, 158 F.3d at 753-54. We affirmed this decision. *See id.* at 759.

Despite decertifying the class, the district court allowed the jury to consider the Plaintiffs' allegation that Circuit City engaged in a pattern and practice of discrimination. The jury found for the Plaintiffs on this claim, but we reversed, holding that individuals may not maintain a private, non-class pattern and practice claim. *See id.* at 761.

In addition, at the close of the proceedings, the district court entered a broad injunction regulating employment practices at Circuit City. We vacated most of this decree, affirming only the portion that sought to remedy discrimination against Plaintiff Renee Lowery. *See id.* at 766-67.

### 2. *Shelby McKnight*

McKnight alleged that Circuit City delayed her promotion, promoted several less-qualified white employees ahead of her, and then paid her less than her white peers following her promotion. Some of these claims were dismissed before reaching the jury, and the jury rejected the rest.

### 3. *Gregory Fleming*

Fleming brought three claims against Circuit City. The district court entered summary judgment against him on two of these claims (that he was denied a transfer and that he was demoted). On the third claim (alleging discriminatory denial of a promotion), the district court directed a verdict in favor of Circuit City.

### 4. *Sonya Hairston and Dynelle Johnson*

Hairston and Johnson each submitted two claims. All of these were dismissed on statute of limitations grounds.

### 5. *Renee Lowery*

Lowery was one of the two Plaintiffs who achieved partial success. She alleged that she was unlawfully denied promotions on six separate occasions. Three of her claims were found to be barred by the statute of limitations. The remaining three were submitted to the jury, which found for Lowery on one claim and for Circuit City on the other two. The jury awarded Lowery $5,000 in back pay, $7,500 in compensatory damages, and $225,000 in punitive damages. We initially overturned the punitive damage award, but we reinstated it after the Supreme Court directed us to reconsider our holding in light of *Kolstad. See Lowery II*, 206 F.3d at 446.

### 6. *Lisa Peterson*

Peterson, the other partially successful Plaintiff, alleged ten separate incidents of discrimination, all involving the promotion of less-qualified white employees. The jury found that two of these claims were meritorious but rejected the other eight. For the two meritorious claims, the jury awarded $1,500 in back pay, $2,700 in compensatory damages, and $47,000 in punitive damages. Peterson's punitive damage award, like Lowery's, was initially reversed but then reinstated. *See id.* at 447.

### 7. *Nadra Smith*

Nadra Smith alleged that Circuit City denied three employment applications for discriminatory reasons. The district court entered summary judgment against her on all three claims.

### 8. *Ponnette Smith*

Ponnette Smith alleged that Circuit City paid a less-qualified white employee more than it paid her and promoted less-qualified white employees ahead of her. The unequal pay claim was denied by summary judgment, and the district court directed a verdict in favor of Circuit City on the denial of promotion claim.

### 9. *Sheila Smith*

Sheila Smith raised two claims, both involving Circuit City's failure to promote her. The district court granted summary judgment in favor of Circuit City on both claims.

### 10. *Patricia Spencer*

Spencer's eight claims alleged discrimination in promotions, the denial of requested transfers, and unequal pay. Summary judgment was entered in Circuit City's favor on all of these claims.

### 11. *Edward Stokes*

Stokes alleged that Circuit City thrice discriminated in promotions and then transferred him to a position not suitable for him. The dis-

trict court granted summary judgment on two of the promotion claims (on statute of limitations grounds) and on the transfer claim. The third promotion claim was terminated by directed verdict.

## C.

### *FEES AND COSTS*

After the district court entered its judgment, the Plaintiffs moved for an award of attorneys' fees pursuant to 42 U.S.C.A. § 1988(b) (West Supp. 2000) and 42 U.S.C.A. § 2000e-5(k). In computing their compensable hours, the Plaintiffs' counsel included the time devoted to the three successful individual claims, plus the time spent on other efforts that contributed to the Plaintiffs' success on their pattern and practice claim, their demand for punitive damages, and their request for broad injunctive relief. Counsel excluded time that was devoted solely to unsuccessful individual claims and made several additional deductions. Counsel then assessed the value of these hours based on prevailing rates, which varied according to each attorney's experience and location (either Richmond, Virginia or Washington, D.C.). These calculations resulted in requests totaling $3,596,614 in fees (the lodestar). Counsel also sought reimbursement for $749,501 in total costs.

With one modification, the district court accepted these figures. The court found that the Plaintiffs "obtained excellent results." J.A. 4380. The court further agreed that even hours spent on unsuccessful individual claims were compensable to the extent that they contributed to the Plaintiffs' success in other ways. *See id.* at 4377 ("[I]t is entirely feasible that the hours attributed to the plaintiffs who were unsuccessful on their individual claims aided the plaintiffs in supporting and winning on their successful claims."). However, because these hours were devoted to both successful and unsuccessful claims, the district court imposed an across-the-board 10% deduction in the lodestar and the costs request. This resulted in a fee award totaling $3,236,953 and a costs award totaling $674,551, for a sum of $3,911,504.

In *Lowery I*, we vacated this award. Having reversed the pattern and practice verdict, the punitive damage award, and much of the injunction, we "conclude[d] that the Plaintiffs in fact achieved a very

low degree of success." *Lowery I*, 158 F.3d at 767-68. We therefore remanded to the district court for recalculation of fees and costs. *See id.* at 768. We adhered to this decision in *Lowery II* but "acknowledge[d] that our affirmance on remand of . . . the award of punitive damages means the Plaintiffs achieved a higher degree of success in the case than we first determined." *Lowery II*, 206 F.3d at 448.

On remand from this court, the district court again characterized the Plaintiffs as "successful." Supp. J.A. 120. The district court further concluded that most of the work performed by the Plaintiffs' attorneys should be considered in calculating the fee because most of the Plaintiffs' claims arose from a "core of facts common to both the successful and unsuccessful claims." *Id.* In addition, the district court found that Circuit City made this case more expensive by "mounting an aggressive defense." *Id.* at 121. Based on these considerations, the court adhered to the previous lodestar calculations but took an additional 15 percentage-point reduction (for a total reduction of 25% off the original lodestar), resulting in an award totaling $2,697,454. Regarding costs, the district court reinstated its previous award of $674,551. The court also awarded interest from the date of the original fee award.[2]

In addition, the district court ordered partial reimbursement for the Plaintiffs' fees and costs during appellate proceedings. The Plaintiffs claimed $229,302.50 in fees and $21,743.47 in costs, accounting for much (but not all) of their time and expenses relating to preparation of their certiorari petition and their brief in *Lowery II*. The district court awarded the sums requested "based on [the] results achieved at both the Supreme Court and the Fourth Circuit on remand." *Id.* at 123.

Finally, the district court rejected a bill of costs submitted by Circuit City. This bill embraced the filing fees for two notices of appeal, transcription costs for certain depositions and court proceedings, copying costs for trial exhibits, and other enumerated expenditures. Circuit City requested reimbursement totaling $89,560.25.

---

[2]The court awarded $775,123 in interest, but the parties agree that this was a miscalculation and that the correct figure is $660,623. Our resolution of the other issues in this appeal renders moot any issue regarding the miscalculation of interest.

The fee and costs awards made by the district court on remand totaled $4,398,173.97. This is more than 12% *higher* than the total award we reversed in *Lowery I*.

## II.

The primary subject of this appeal is the award of $2,697,454 in attorneys' fees for trial-related services. Circuit City contends that the district court relied on faulty premises and applied inappropriate hourly rates. We agree in part and therefore vacate the fee award.

In civil rights cases, the district court has statutory authority to award attorneys' fees to "the prevailing party." 42 U.S.C.A. § 1988(b); *id.* § 2000e-5(k); *see Hensley v. Eckerhart*, 461 U.S. 424, 429 & n.2, 433 n.7 (1983) (noting that the Supreme Court has interpreted these statutes to allow prevailing plaintiffs to receive fees in most cases while prevailing defendants may receive fees only in limited circumstances). When litigation results in a mixed verdict, as occurred here, a plaintiff's success on some issues will suffice to confer prevailing party status. *See id.* at 433. In awarding fees to a partially successful plaintiff, the district court must consider both the hours reasonably devoted to the litigation and the degree of success achieved. *See id.* at 433-37.

With these principles in mind, we now consider each of Circuit City's arguments. We review the fee award for abuse of discretion. *See Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998).

### A.

### *PREMISES AND PROPORTIONALITY*

The district court premised its fee award on its determinations that the Plaintiffs were highly successful, that achieving this success entailed extensive efforts before and during the trial, and that these efforts were impeded by the conduct of Circuit City during this litigation. Circuit City challenges all of these premises and asserts that, in any event, the district court should not have awarded fees so much in excess of the damage award. We agree with some of Circuit City's arguments.

Initially, we agree with Circuit City that the district court overstated the extent of the Plaintiffs' success. It noted that the Plaintiffs prevailed on few of their individual claims but opined that this fact was outweighed by the broader impact of this litigation. According to the district court, this lawsuit vindicated valuable rights that the Plaintiffs share with other employees. This is indeed a proper consideration. *See City of Riverside v. Rivera*, 477 U.S. 561, 574-75 (1986) (plurality opinion). However, even with respect to the societal interests that the Plaintiffs sought to advance, they were only partially successful. There were four aspects of the Plaintiffs' case that had the potential to influence Circuit City's conduct beyond its treatment of the individual Plaintiffs—the motion for class certification, the assertion of a pattern and practice claim, the request for broad injunctive relief, and the demand for punitive damages. Of these, only the punitive damages effort ultimately proved fruitful, and then only as to the two successful Plaintiffs. In light of these results, the district court should not have credited the Plaintiffs with the degree of success suggested in its opinion.

While we agree that the Plaintiffs achieved limited success, we do not agree with Circuit City that this success required only minimal effort. First, the district court found otherwise, and its finding in this regard is entitled to great deference "in view of the district court's superior understanding of the litigation." *Hensley*, 461 U.S. at 437. Second, contrary to Circuit City's assertion, the record establishes that the Plaintiffs did more than prove three simple discrimination claims; these claims, and the accompanying demands for punitive damages, were buttressed by evidence of a widespread pattern of questionable employment practices. *See Lowery II*, 206 F.3d at 445-46, 447 (upholding punitive damage awards based in part on evidence of the general attitudes of Circuit City's managers). When claims are interrelated in this manner, the district court is not required to sort out the hours devoted to successful claims from those expended on fruitless efforts. *See Hensley*, 461 U.S. at 435 (stating that in many cases, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis").

We also reject Circuit City's complaint that the district court unfairly characterized the manner in which Circuit City defended

itself in this suit. Once again, our deference to such assessments is considerable, because the district court observes more of each party's conduct than is reflected in the record. *See Johnson v. Hugo's Skateway*, 974 F.2d 1408, 1418 (4th Cir. 1992) (en banc) ("[T]he exercise of discretion in awarding attorneys fees typically is based on first-hand knowledge of the case and factors bearing on the reasonableness of a fee . . . ."). Moreover, the statements by the district court about Circuit City's behavior are noteworthy for their even-handedness:

> Although this case was complex from inception, Circuit City made it even murkier by increasing the obstacles to litigating by mounting an aggressive defense. . . . A defendant is indeed entitled to use any litigation strategy that it desires and pursue an aggressive defense to achieve its goal; however, the defendant cannot complain, and should not be surprised, when such a strategy increases the fees and expenses for which it may be held liable as a non prevailing party.

Supp. J.A. 121. We see no basis for disturbing this conclusion.

We need not dwell on Circuit City's remaining argument, that the fee award should be proportional to the amount of damages awarded. "The amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded . . . ." *City of Riverside*, 477 U.S. at 574 (plurality opinion). Nevertheless, both the Supreme Court and this court have flatly rejected the mechanical application of ratios in calculating attorney fee awards. *See id.*; *Brodziak*, 145 F.3d at 197. The district court should apply this factor as it sees fit when it reformulates its fee award.

In sum, we agree with Circuit City that the district court overestimated the extent of the Plaintiffs' success, and we therefore vacate the fee award and remand for further consideration of this issue by the district court. We reject, however, Circuit City's arguments with respect to the complexity of this case and the nature of Circuit City's defense; the district court may re-examine these issues, but our mandate does not require it to do so. Finally, while the amount of damages recovered is a proper consideration in calculating a fee award, strict proportionality is not appropriate.

B.

*HOURLY RATES*

Circuit City next contends that the Plaintiffs' attorneys, including those from the District of Columbia, should have been remunerated at Richmond rates because the trial and most of the related proceedings occurred in Richmond. The Plaintiffs contend that the use of Washington rates was approved in *Lowery I* and is not subject to reconsideration now.

Initially, we disagree with the Plaintiffs' procedural argument. They assert that Circuit City challenged the use of Washington rates in *Lowery I* and that we implicitly rejected this claim by not expressly sustaining it. In both *Lowery I* and *Lowery II*, however, we vacated the fee and costs awards in their entirety and remanded for further proceedings. Our mandate did not compel the district court to alter every aspect of its prior awards, but neither was any aspect of those awards entrenched as the law of the case. *See Perillo v. Johnson*, 205 F.3d 775, 780 (5th Cir. 2000) (holding that prior opinion addressing one dispositive issue did not foreclose further consideration of other issues that were raised on appeal but not addressed).

With respect to the merits of this claim, the district court upheld the use of Washington rates on the grounds that the case was first filed in the Washington area (in Greenbelt, Maryland) and that the Plaintiffs "had been building their relationship with [Washington-based attorneys] for months before the case was transferred to Richmond." J.A. 4375. These are sound considerations, but other factors are also relevant. In particular, a transferee court must determine whether the plaintiffs properly filed their case in the transferor district. *See Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). On remand, the district court should consider whether it was proper to initiate this suit in suburban Maryland even though all of the Plaintiffs' claims arose from their employment in Richmond and most of the Plaintiffs still resided in the Richmond area.

III.

Circuit City's remaining claims challenge the decisions of the district court reinstating its original award of trial-related costs, requiring

Circuit City to pay interest from the date of the original fee and costs awards, granting in full the Plaintiffs' requests for appeal-related fees and costs, and denying Circuit City's bill of costs. Circuit City's claim regarding the interest award presents a predominantly legal question, which we review de novo. *See Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1107 (9th Cir. 1998). The other rulings at issue are reviewed for abuse of discretion. *See Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).

### A.

### *PLAINTIFFS' TRIAL-RELATED COSTS*

On remand, the district court reinstated its previous ruling allowing the Plaintiffs to recover $674,551 in trial-related expenses. The court offered no explanation for this decision. For this reason, and in light of our determination that the court relied on erroneous premises during proceedings on remand, we vacate the costs award and remand for further consideration.

### B.

### *INTEREST*

Having vacated the fee and costs awards, we must, at the least, vacate the interest award as well and order recalculation based on new fee and costs assessments. Circuit City asks us to go further and hold that the Plaintiffs are not entitled to any interest. We decline to do so.

In general, a party that has obtained a monetary award is also entitled to interest on that award from the date of the judgment. *See* 28 U.S.C.A. § 1961(a) (West 1994). The Supreme Court outlined an exception to this rule in *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827 (1990). In *Kaiser Aluminum*, the case was tried in its entirety twice, and the second trial resulted in an award of damages to the plaintiffs ("the first award"). *See id.* at 829-30. On motion of the defendants, the district court ruled that this damage award was not supported by the evidence and ordered a new trial limited to the issue of damages; the jury once again awarded the plaintiffs substan-

tial damages ("the second award"). *See id.* at 830. The district court reduced the second award, but the full (second) award was reinstated on appeal. *See id.* The plaintiffs claimed that they were entitled to interest from the date of the first award, but the Supreme Court disagreed:

> "[T]he purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damages and the payment by the defendant." *Poleto* v. *Consolidated Rail Corp.*, [826 F.2d 1270, 1280 (3d Cir. 1987)]. Where the judgment on damages was not supported by the evidence, the damages have not been "ascertained" in any meaningful way.

*Id.* at 835-36 (first alteration in original).

Relying on *Kaiser Aluminum* and similar cases, Circuit City contends that the Plaintiffs are barred from recovering interest from the date of the original fee and costs awards because our decisions in *Lowery I* and *Lowery II* vacated those awards and altered several aspects of the judgment underlying them. We disagree. The narrow exception set forth in *Kaiser Aluminum* applies when an initial finding of liability is vacated, or when an initial computation of damages lacks factual support. By contrast, the exception rarely, if ever, applies when an initial liability determination is upheld but the amount of the award is vacated due to error or abuse of discretion by the district court. We treat a party's failure to present sufficient evidence differently from a judge's legal mistake or misuse of discretion because it would be unjust to "penalize appellees for the trial judge's error." *Cordero* v. *De Jesus-Mendez*, 922 F.2d 11, 18 (1st Cir. 1990).

Here, Circuit City has never contested that it is liable for attorneys' fees in some amount. Moreover, while Circuit City has criticized the billing practices of Plaintiffs' counsel, we have never questioned the adequacy of the evidence supporting counsel's fee and costs requests. Accordingly, it was proper for the district court to award interest from the date of the initial fee and costs awards (June 25, 1997). And, lest there be any confusion on remand, we note that nothing in this opinion should be construed to interrupt the accumulation of interest. This

interest should be calculated based on the amount of fees and costs ultimately determined to be appropriate.

## C.

### *APPELLATE FEES AND COSTS*

The district court awarded the Plaintiffs $251,045.97 in appeal-related fees and expenses. This figure represents the full amount requested by the Plaintiffs' attorneys. The district court offered no explanation for its decision beyond a reference to the "results achieved at both the Supreme Court and the Fourth Circuit on remand." Supp. J.A. 123. While we agree with the district court that the Plaintiffs were largely successful in the Supreme Court and in this court in *Lowery II*, we vacate this award and remand to allow the court to explain more fully the analysis underlying this award and to make any modifications it deems appropriate. In particular, we direct the district court to address whether the bill submitted by the Plaintiffs' attorneys adequately accounts for the fact that their certiorari petition was only partially successful. Whatever the district court decides, interest on the amount ultimately awarded shall accrue from September 27, 2000, the date the original award was entered.

## D.

### *CIRCUIT CITY'S BILL OF COSTS*

The final issue before us concerns the denial of Circuit City's request for reimbursement of various costs incurred before and during trial and on appeal. We affirm in part and vacate in part.

The "prevailing party" in the district court is ordinarily entitled to recover costs incurred in district court proceedings. Fed. R. Civ. P. 54(d)(1). The premise of Circuit City's motion for costs was that it was the prevailing party at trial, at least as to those Plaintiffs whose claims were rejected in their entirety. We do not accept this premise. As we indicated in our discussion of attorneys' fees, this case was not a cluster of discrete lawsuits but rather a unified effort by several claimants whose evidence was mutually reinforcing. *Cf. Hensley*, 461

U.S. at 435 (noting, in the context of attorneys' fees, that it is often appropriate to treat a case as an integrated unit rather than a collection of separate claims). When the case is viewed in this manner, the Plaintiffs are entitled to prevailing party status even though they were only partially successful. *See Bly v. McLeod*, 605 F.2d 134, 137 (4th Cir. 1979) ("It is settled that in order to be a prevailing party one need not win on every issue in the case."). As we stated earlier, the district court should account for the fact that the Plaintiffs failed on numerous claims by reducing their costs award. Nevertheless, Circuit City was not a prevailing party in the district court and is not entitled to an award of trial-related costs.

A separate rule, Federal Rule of Appellate Procedure 39, allows the prevailing party on appeal to recover appellate costs. Circuit City claims that this rule entitles it to recovery of at least some of its costs from *Lowery I*. We agree. The district court granted the Plaintiffs a partial costs award based on the partial success of their certiorari petition. Circuit City is entitled to the same treatment with respect to its extensive success in *Lowery I*, with due allowance for the fact that the Plaintiffs achieved a partial modification of *Lowery I* in their favor.

IV.

In sum, we (1) vacate the trial-related fee award and remand for appropriate reductions; (2) vacate the trial-related costs award and remand for an explanation and appropriate modifications; (3) uphold the determination that the Plaintiffs are entitled to post-judgment interest but vacate the amount of interest awarded; (4) vacate the appeal-related fee and costs awards and remand for an explanation and appropriate modifications; and (5) affirm in part and vacate in part the denial of the bill of costs and remand for an appropriate award of appeal-related costs to Circuit City. In the interest of minimizing further litigation, we hold that each party must bear its own costs in this appeal. *See* Fed. R. App. P. 39(a)(4).

*AFFIRMED IN PART; VACATED*

*AND REMANDED IN PART*