**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1398**

MICHELLE PAPANICOLAS,

Plaintiff - Appellee,

v.

PROJECT EXECUTION AND CONTROL CONSULTING, LLC, d/b/a PEAC Consulting, LLC; BARRINGTON CROMUEL,

Defendants - Appellants.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Charles B. Day, Magistrate Judge.  (8:12-cv-01579-CBD)

Submitted:  March 30, 2017                           Decided:  May 18, 2017

Before GREGORY, Chief Judge, and KING and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Jennifer Anukem, Sean Hanover, J. ANUKEM & ASSOCIATES LLC, Greenbelt, Maryland, for Appellants.  Brian J. Markovitz, Joseph M. Creed, Matthew E. Kreiser, JOSEPH GREENWALD & LAAKE, PA, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michelle Papanicolas filed a complaint in the Circuit Court for Prince George's County, Maryland against Barrington Cromuel and his company, Project Execution and Control Consulting, LLC (jointly hereinafter "PEAC"), alleging unlawful sexual harassment and retaliatory discharge, in violation of the Maryland Human Relations Act, Md. Code Ann., State Gov't § 20-606(a)(1)(i), (f)(1) (LexisNexis 2014), and Prince George's County, Md., Code Ordinances, §§ 2-209, 2-222 (2017), https://www.municode.com/library/md/prince_george's_county/codes/code_of_ordinances. PEAC removed the action to federal court in May 2012. Shortly before the trial was scheduled to begin, the parties entered a confidential settlement agreement dismissing all claims, but allowing Papanicolas to seek attorneys' fees and costs.

Papanicolas filed a motion for attorneys' fees and costs, ultimately seeking $357,092 in attorneys' fees and $7759.75 in costs. PEAC opposed the motion, arguing that counsel for Papanicolas billed for frivolous pleadings, block billed in a manner that made it impossible to ascertain what work was being billed, and engaged in excessive filing without regard for economy. Additionally, PEAC argued that the court should deny Papanicolas' motion based on PEAC's financial hardship. The district court issued an order on March 9, 2016, granting in part and denying in part Papanicolas' motion, awarding her $313,792 in reasonable attorneys' fees and $7759.75 in costs. PEAC timely appealed. For the reasons that follow, we vacate the award and remand for further proceedings.

PEAC contends that the district court erred in awarding attorneys' fees and costs and, alternatively, in failing to adequately reduce the award, claiming that Papanicolas' attorneys engaged in unnecessary and excessive billing practices and were unnecessarily litigious and filed unnecessary pleadings. Further, PEAC argues that the district court erred by failing to take into account PEAC's ability to pay an award of attorneys' fees and costs.

We review a district court's ruling regarding the award of attorneys' fees and costs for abuse of discretion, and will only reverse such an award if the district court is "clearly wrong" or has committed an "error of law." *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) (citations omitted); *accord Nat'l Org. for Marriage, Inc. v. United States*, 807 F.3d 592, 597 n.3 (4th Cir. 2015). "A 'court by definition abuses its discretion when it makes an error of law.'" *Brodziak*, 145 F.3d at 196 (quoting *Koon v. United States*, 518 U.S. 81, 100 (1996)).

In determining a reasonable award, the district court relied on the Guidelines Regarding Hourly Rates in Local Rules of the District of Maryland, Appendix B. However, by applying those rates, the district court sometimes awarded Papanicolas fees higher than those charged by her attorneys. Specifically, the firm's billing rate for Michael Brody, Jamera Cherry, Jessica Richardson, and William Fuller was $130 per hour. However, for hours these individuals billed from July 2014 through 2015, the district court awarded Papanicolas $150 per hour—$20 more per hour than the law firm charged.

3

"[T]he basic purpose of attorney fees is to indemnify the prevailing party and not to punish the losing party by allowing the winner a windfall of profit." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) (internal quotation marks omitted). We conclude that the award of fees higher than those charged by her law firm unjustly enriched Papanicolas.

Accordingly, we vacate the order awarding attorneys' fees and costs and remand with directions for the district court to recalculate the fees generated by Brody, Cherry, Richardson, and Fuller using a billing rate that does not exceed the rate actually charged by the law firm for those individuals' work on behalf of Papanicolas.[*] We deny Papanicolas' Motion for Leave to File Supplemental Billing Statements as Attachments to Response Brief and PEAC's Motion for Leave to File Supplemental Attachment to Brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We have reviewed PEAC's other claims and the record on appeal and conclude that the district court did not otherwise abuse its discretion in determining the applicable attorneys' fees and costs.