**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-2109**

_____

TERRY HAYNIE, a/k/a Terrance S. Haynie,

                Plaintiff - Appellant,

     v.

UNITED AIR LINES, INC.,

                Defendant - Appellee,

     and

CONTINENTAL AIRLINES, INC.,

                Defendant.

_____

**No. 17-2124**

_____

TERRY HAYNIE, a/k/a Terrance S. Haynie,

                Plaintiff - Appellee,

     v.

UNITED AIR LINES, INC.,

                Defendant - Appellant,

     and

CONTINENTAL AIRLINES, INC.,

                Defendant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:15-cv-00625-LMB-IDD)

Submitted: August 31, 2018                    Decided: October 19, 2018

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

Affirmed in part, vacated and remanded in part by unpublished per curiam opinion.

Curtis M. Hairston, Jr., THE GEE LAW FIRM, P.C., Richmond, Virginia, for Appellant/Cross-Appellee. Neal D. Mollen, Washington, D.C., Donna M. Melby, PAUL HASTINGS LLP, Los Angeles, California, for Appellee/Cross-Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Haynie filed an employment discrimination action in the district court, alleging claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2017), 42 U.S.C. § 1981 (2012), and 28 U.S.C. § 1331 (2012). The district court dismissed all but one of the counts for failure to timely file within the time limitations. The court also noted that Haynie did not seek or obtain leave of court to add claims that had previously been dismissed or not raised in previous litigation. The court ultimately granted summary judgment to the Defendant, United Air Lines, Inc. ("United") on Haynie's claim of hostile work environment based on race. Upon United's motion, the court also ordered Haynie to pay the costs associated with United's discovery requests related to collection of Haynie's emails that he did not fully comply with. The court also determined that United was entitled to attorney's fees under 28 U.S.C. § 1927 and ordered Haynie's counsel to pay United $30,000.

On appeal, Haynie challenges the district court's orders dismissing claims as untimely and unauthorized, granting summary judgment to United, denying his Fed. R. Civ. P. 59(e) motion, imposing costs for United's discovery efforts, and imposing attorney's fees as a sanction. United has filed a cross-appeal, arguing that the district court erred in failing to compute attorney's fees in accordance with our decision in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226, n.28 (4th Cir. 1978).

We have reviewed the parties' briefs and joint appendix, and fully considered the arguments on appeal as to the motion to dismiss, motion for summary judgment, motion under Fed. R. Civ. P. 59(e), and award of costs to United for a discovery request and find

3

no reversible error. Accordingly, we affirm these orders for the reasons stated by the district court. *Haynie v. United Air Lines, Inc.*, No. 1:15-cv-00625-LMB-IDD (E.D. Va. Nov. 20, 2015; June 28, 2017; Aug. 25, 2017).

However, we vacate the portion of the district court's order awarding attorney's fees in the amount of $30,000 total as a sanction and to be paid by Haynie's attorneys. We review a district court's award of attorney's fees for an abuse of discretion. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). Accordingly, "we will only reverse such an award if the district court is 'clearly wrong' or has committed an 'error of law.'" *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998)).

An attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" may be required to pay "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. An award of attorney's fees pursuant to § 1927 is "compensatory in nature." *Six v. Generations Federal Credit Union*, 891 F.3d 508, 520 (4th Cir. 2018). In awarding such fees, the court must "show a causal link between the wrongful conduct and an unreasonable and vexatious multiplication of proceedings," and then "connect the costs wrongfully incurred as a result of the sanctioned attorney's conduct to the amount awarded to the moving party." *Id.* (citing *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 n.5 (2017)). In determining whether fees were incurred "reasonably", *see* 28 U.S.C. § 1827, a court should consider the factors outlined in *Kimbrell's*. *See* 577 F.2d at 226 n.28.

4

We conclude that the district court, while ably listing the deficiencies in Haynie's counsel's representation and filings throughout the litigation, did not conduct an analysis sufficient for us to accord the appropriate level of review. Thus, we vacate and remand this portion of the order only to permit the court to perform a more thorough analysis as contemplated by *Generations Federal Credit Union*. We do not vacate or reverse the court's decision to award fees.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED AND REMANDED IN PART*