**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DAVID JOHNSON; ROBERT W.
JOHNSON, IV, by and through his
guardian ad litem, Michelle
Johnson; NICOLE WILSON, by and
through her guardian ad litem,
Vicki Woodward; AMANDA VICKERS,
by and through her guardian ad
litem, Donna Vickers; DAVID
CLARKE,

    *Plaintiffs-Appellees,*

    v.

CITY OF AIKEN; TRUXTON UMSTEAD;
C. W. CLARK,

    *Defendants-Appellants,*     No. 01-1826

    and

J. C. BUSBEE, individually as Public
Safety Officers with the City of
Aiken; RODNEY MILLS; CRAIG
BURGESS; H. V. MORRISON; MIKE
DURELL; BOB BESLEY; KARL
ODENTHAL, individually as Public
Safety Officers with the City of
Aiken; JODY ROWLAND, individually
as a deputy with the Aiken County
Sheriff's Department,

    *Defendants.*

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Julian Abele Cook, Jr., Senior District Judge, sitting by designation.
(CA-96-3141-1-8)

Argued: December 5, 2001

Decided: January 22, 2002

Before WILKINSON, Chief Judge, and WILKINS and
LUTTIG, Circuit Judges.

---

Vacated and remanded by published opinion. Judge Wilkins wrote the
opinion, in which Chief Judge Wilkinson and Judge Luttig joined.

---

## COUNSEL

**ARGUED:** Andrew Frederick Lindemann, DAVIDSON, MORRI-
SON & LINDEMANN, P.A., Columbia, South Carolina, for Appel-
lants. John Christopher Mills, J. CHRISTOPHER MILLS, L.L.C.,
Columbia, South Carolina, for Appellees. **ON BRIEF:** David L. Mor-
rison, DAVIDSON, MORRISON & LINDEMANN, P.A., Columbia,
South Carolina, for Appellants.

---

## OPINION

WILKINS, Circuit Judge:

The City of Aiken, South Carolina ("City") and Officers Truxton
Umstead and C. W. Clark (collectively, "Appellants") appeal an
award of attorneys' fees and costs against Clark and in favor of David
Johnson and Amanda Vickers under 42 U.S.C.A. § 1988(b) (West
Supp. 2001). Because we conclude that the only appropriate fee here
was no fee at all, we vacate the award and remand for further pro-
ceedings.

I.

The events that gave rise to this lawsuit arose from the execution

of a search warrant on a residence in which several juveniles were present. The primary claims concerned entry by City law enforcement officers into the residence without warning by throwing an exploding device into the house, then storming in with masks on and guns drawn without immediately identifying themselves as law enforcement. Johnson, Vickers, and three other juveniles present at the time (collectively, "Appellees") asserted a claim under 42 U.S.C.A. § 1983 (West Supp. 2001) against the officers in their individual capacities, contending that because the information the officers possessed did not justify their tactics, the entry violated Appellees' Fourth Amendment rights ("the federal entry claim"). Appellees additionally alleged constitutional violations as a result of the officers' detention of them during the search ("the federal detention claim"), the City's maintenance of a custom or policy that allowed unconstitutional entries into homes ("the federal policy claim"), and the officers' arrest of them, without probable cause, for possession of alcohol by a minor ("the federal arrest claim"). Finally, Johnson and Vickers asserted Fourth Amendment claims based on searches of their automobiles by Clark after the premises had been secured ("the federal vehicle search claim").[1] Invoking supplemental jurisdiction, Appellees also asserted a state law claim for assault based on the conduct underlying the federal entry claim ("the state law assault claim") and a state law claim for false arrest ("the state law arrest claim") based on the conduct underlying the federal arrest claim; both of these claims named the City as the sole defendant.[2] Appellees sought compensatory and punitive damages and attorneys' fees and costs under § 1988.

---

[1]Johnson and Vickers proved that their vehicles were legally parked in front of the residence at the time of the raid and that Clark obtained Johnson's and Vickers' keys and searched the vehicles while Appellees were being detained. Johnson's mobile telephone and the detachable face of his tape deck were removed from his vehicle and later returned to him. Clark contended that he only entered the vehicles to secure Johnson's and Vickers' belongings.

[2]The officers were not named as defendants in the state law claims because S.C. Code Ann. § 15-78-70 (Law. Co-op. Supp. 2000) provides absolute immunity to government employees acting within the scope of their employment absent "fraud, actual malice, intent to harm, or a crime involving moral turpitude," none of which was alleged by Appellees.

Appellants denied Appellees' allegations and additionally asserted, *inter alia*, that they were entitled to qualified immunity and that their actions were objectively reasonable in light of existing law. Following the conclusion of their case, Appellees voluntarily withdrew the state law arrest claim, and the district court granted judgment as a matter of law against them on the federal detention claim. After deliberating, the jury awarded Appellees compensatory and punitive damages from Umstead and Clark on the federal entry claim and compensatory and punitive damages from Clark on the federal arrest claim. The jury found in favor of the City on the federal policy claim but against it on the state law assault claim, awarding each Appellee $50,000 in compensatory damages. Finally, the jury awarded Johnson and Vickers 35 cents each in nominal damages against Clark individually on the federal vehicle search claim. The court subsequently awarded Appellees $81,994.61 in attorneys' fees and costs.[3]

On appeal, we vacated the judgments on the federal entry and federal arrest claims, concluding that Clark and Umstead were entitled to qualified immunity on those claims because their actions were not unconstitutional. *See Johnson v. City of Aiken*, 217 F.3d 839, 2000 WL 263823, at *5-*12 (4th Cir. 2000) (unpublished table decision). However, we affirmed the award against the City on the state law assault claim. *See id.* at *12-*15. Thus, after appeal only two awards remained: the state law assault claim award of $50,000 to each Appellee against the City and the federal vehicle entry claim award of 35 cents each to Johnson and Vickers against Clark.[4] Because of the change in Appellees' degree of success, we vacated the § 1988 award of attorneys' fees and costs and remanded for reconsideration of the amount to be awarded. *See id.* at *15.

On remand, the district court noted that plaintiffs who do not prevail on their federal claims but achieve success on supplemental state law claims are not prevailing parties under § 1988, and are therefore not entitled to an award under that statute. On this basis, the district court ruled that the three Appellees who recovered under the state law

---

[3]The award included compensation for attorney time, reasonable litigation expenses, and costs of the type taxable under 28 U.S.C.A. § 1920 (West 1994) and Federal Rule of Civil Procedure 54(d).

[4]Clark did not appeal the award on the federal vehicle search claim.

assault claim but failed on all of their federal claims were not entitled to any § 1988 award. As for Vickers and Johnson, the district court determined that even though they lost on all but one of their federal claims (the federal vehicle search claim not appealed) and won only nominal damages against Clark on that claim (35 cents each), they were nevertheless entitled to an award of $98,828.28 in attorneys' fees and costs[5] against Clark. We discuss the analysis of the district court later in this opinion.

## II.

Section 1988(b) provides that in federal civil rights actions, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."[6] Because Johnson and Vickers obtained relief on one of their § 1983 claims, Appellants do not dispute that Johnson and Vickers were "prevailing parties." Rather, Appellants argue that the only reasonable fee here is no fee. We review an award of attorneys' fees for abuse of discretion. *See McDonnell v. Miller Oil Co.*, 134 F.3d 638, 640 (4th Cir. 1998); *see also Freeman v. Case Corp.*, 118 F.3d 1011, 1014 (4th Cir. 1997) (noting that error of law constitutes abuse of discretion).

In determining the proper fee to be awarded against Clark, the district court followed the process outlined in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). In *Hensley*, the plaintiffs asserted several constitutional claims and eventually prevailed on some but not all of the claims. The district court awarded fees under § 1988 but refused to eliminate from the award fees for hours spent on unsuccessful claims. After the Eighth Circuit affirmed, the Supreme Court vacated the award and remanded for reconsideration of the amount to be awarded.

---

[5]As with the first § 1988 award, this award included compensation for attorney time, reasonable litigation expenses, and costs of the type taxable under § 1920 and Rule 54(d).

[6]This statute provides an exception to the American Rule that each party, regardless of who prevails, must pay its own attorneys' fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 121 S. Ct. 1835, 1839 (2001). The parties agree that South Carolina law does not entitle Appellees to an award of attorneys' fees as a result of their success on the state law assault claim.

*See Hensley*, 461 U.S. at 440. The Court explained that a § 1988 award should reimburse the plaintiff for work "expended in pursuit of" the success achieved. *Id.* at 435 (internal quotation marks omitted). To determine the appropriate amount, a district court should first identify the number of hours reasonably expended on the litigation and multiply that number by a reasonable rate. *See id.* at 433. The court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones.[7] *See id.* at 435. Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff. *See id.* at 435-37.

Here, the district court began its analysis with the amount of its original § 1988 award, which was $81,994.61. The district court determined that all of the federal and state claims arose from a common core of facts and subtracted only $6,189.75 from the previous award as attributable to unsuccessful claims or litigants. Turning to the degree of success inquiry, the district court determined that "Johnson and Vickers achieved a fair amount of material results in the form of a Judgment of $100,000.70." J.A. 254. The court also stated that as a result of Appellees' efforts, "the Court articulated the limits and the propriety of using a heavily armed tactical assault force to invade a person's home on the basis of a questionable suspicion that some low-level narcotic activity was in progress." *Id.* For these reasons, the court determined that a full award of the remaining fees was warranted for the trial work. The court also awarded $23,023.42 for work on the first appeal to this court, for a total award of $98,828.28. The district court did not initially specify which party or parties would be liable for the award. However, in denying Appellants' subsequent motion to alter or amend the award, the district court clarified that Clark, the only party liable on a federal claim, was responsible for paying the full fee award.

---

[7]The reason for not subtracting hours spent on unsuccessful claims that are related to successful ones is that when successful and unsuccessful claims are related, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* at 435.

We conclude that the district court erred in basing Clark's fee liability on Johnson and Vickers' success against the City on the state law assault claim. Such an award conflicts with the principles articulated by the Supreme Court in *Kentucky v. Graham*, 473 U.S. 159 (1985). In *Graham*, several plaintiffs brought civil rights claims against law enforcement officers in their individual capacities. They also named as a defendant the Commonwealth of Kentucky, from which the plaintiffs sought only attorneys' fees in the event that they prevailed on the merits. *See Graham*, 473 U.S. at 161-62. The Commonwealth was dismissed on Eleventh Amendment grounds, but when the case settled in favor of the plaintiffs, the plaintiffs sought an attorneys' fee award against the Commonwealth. *See id.* at 162. The district court awarded fees, and the Sixth Circuit affirmed. *See id.* at 163. The Supreme Court reversed, reasoning that § 1988 authorized payment of fees only by "the party legally responsible for relief on the merits." *Id.* at 164. The Court added that even if immunity is the basis for a party's avoidance of liability, that party cannot be liable under § 1988 for payment of fees. *See id.* at 165.

*Graham* teaches us that Clark's status as a nonparty on the state law assault claim protects him from § 1988 liability arising from that claim. *See Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 762 (1989) (noting "the crucial connection between liability for violation of federal law and liability for attorney's fees under federal fee-shifting statutes"). Accordingly, the district court erred in basing Clark's § 1988 liability on Johnson and Vickers' success against the City on the state law assault claim.[8] We therefore turn our attention to the success Johnson and Vickers had against Clark.

The only success enjoyed by Johnson and Vickers against Clark was on the federal vehicle search claim, which resulted in an award of only 35 cents to each. Under *Farrar v. Hobby*, 506 U.S. 103

---

[8]Nor did Johnson and Vickers enjoy any success against Clark on the federal entry claim, to which he was a party. Even if Appellees' obtainment of a court decision that Clark violated their constitutional rights by the method of entry he employed would have constituted some degree of success against Clark, this court specifically decided in the previous appeal that Clark's conduct was constitutional. *See Johnson*, 2000 WL 263823, at *5-*11.

(1992), this "success" was not sufficient to justify a § 1988 award. In *Farrar*, the Supreme Court addressed the reasonableness of an award of attorneys' fees pursuant to § 1988(b) when the plaintiff sought $17 million in compensatory damages but received only one dollar in nominal damages.[9] The Court held that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Farrar*, 506 U.S. at 115 (citation omitted). This is because when the recovery of monetary damages is the purpose of the claim, a plaintiff who receives only nominal damages has succeeded in only a technical sense. *See id.* at 114-15.

The "success" enjoyed by Johnson and Vickers on the federal vehicle search claim is no greater than that had by the plaintiff in *Farrar*. As in *Farrar*, Johnson and Vickers' victory against Clark did little more than provide them "the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated." *Id.* at 114 (internal quotation marks omitted) (alteration in original). Accordingly, we hold that the district court abused its discretion in granting a § 1988 award against Clark, and we therefore vacate the award.[10]

### III.

In sum, because Johnson and Vickers' only success against Clark was obtaining an award of nominal damages, we conclude that the

---

[9]Although the original complaint requested injunctive relief, that claim was dropped in a subsequent amendment to the complaint. *See Farrar*, 506 U.S. at 106.

[10]We do not address Appellants' argument that success on state law claims cannot be considered in determining § 1988 liability. And, because we vacate the § 1988 award and hold that the only appropriate award is no award at all, we do not address Appellants' contention that the district court erred in ordering reimbursement for some litigation expenses not recoverable under 28 U.S.C.A. § 1920 and Rule 54(d). Finally, we reject Appellants' claim that Appellees waived any entitlement to costs by failing to file a formal bill of costs.

We take this opportunity to recognize that our decision in no way reflects adversely on Appellees' attorneys, who, in fact, gave excellent representation to their clients.

only appropriate award under § 1988 was none at all, and we therefore vacate the award. Because the § 1988 award included reimbursement for costs taxable under 28 U.S.C.A. § 1920 (West 1994) and Federal Rule of Civil Procedure 54(d), we remand to the district court to award those costs.

*VACATED AND REMANDED*