**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-1689**

———————————

SHEPARD JONES,

Plaintiff - Appellant,

and

MICHAEL BROWN,

Plaintiff,

versus

WAYNE BRYANT, Sheriff, individually and in his
official capacity as Sheriff of Scotland
County,

Defendant - Appellee,

and

SCOTLAND COUNTY,

Defendant,

———————————

**No. 04-1706**

———————————

SHEPARD JONES,

Plaintiff - Appellee,

and

MICHAEL BROWN,

                                        Plaintiff,

        versus

WAYNE BRYANT, Sheriff, individually and in his
official capacity as Sheriff of Scotland
County,

                                        Defendant - Appellant,
        and

SCOTLAND COUNTY,

                                        Defendant,

───────────────

Appeals from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Frank W. Bullock, Jr.,
District Judge.  (CA-01-936)

───────────────

Submitted:  December 23, 2004        Decided:  January 31, 2005

───────────────

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

James H. Locus, Jr., Fayetteville, North Carolina, for
Appellant/Cross-appellee.  Cecil W. Harrison, Jr., David L.
Woodard, POYNER & SPRUILL, L.L.P., Raleigh, North Carolina, for
Appellee/Cross-appellant.

───────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Shepard Jones appeals the district court's award of attorney's fees and denial of his motion for equitable relief in his Title VII case. Jones filed a civil action against Defendants, Scotland County[*] and Scotland County Sheriff, Wayne Bryant, under Title VII and 42 U.S.C. § 1983. Jones alleged that he was wrongfully discharged in retaliation for his opposition to discriminatory conduct, in violation of Title VII and the First Amendment. The jury found Bryant individually liable for violating Jones' rights under Title VII, and found in favor of Bryant on Jones' First Amendment claim. The jury awarded Jones $25,000 in damages. Following the trial, Jones' counsel moved for attorney's fees and costs in excess of $150,000, as well as equitable relief. The district court ultimately granted approximately $16,000 in fees and denied Jones' request for equitable relief. Jones now appeals.

On appeal, Jones asserts that the district court erroneously calculated reasonable attorney's fees by failing to assess the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), and adopted by this Court in Barber v. Kimbrell's Inc., 577 F.2d 216, 226 (4th Cir. 1978). On cross appeal, Bryant asserts that Jones is not entitled to any fees.

---

[*]On October 25, 2004, this court granted Appellees' motion to dismiss Scotland County as a party to this appeal.

This court reviews a district court's decision awarding or denying attorney's fees for abuse of discretion. See Johnson v. City of Aiken, 278 F.3d 333, 336 (4th Cir. 2002). When attorney's fees and costs are permissible, a federal court determines the award by first determining the lodestar amount (reasonable hourly rate multiplied by hours reasonably expended), applying the Johnson/Barber factors when making the lodestar determination. See Trimper v. City of Norfolk, 58 F.3d 68, 73-74 (4th Cir. 1995); Daly v. Hill, 790 F.2d 1071, 1078 (4th Cir. 1986). However, "a request for attorneys' fees, which is so exorbitant as to shock the conscience of the court, may be denied without an analysis of the [Johnson/Barber] factors." Sun Pub. Co., Inc. v. Mecklenburg News, Inc., 823 F.2d 818, 819 (4th Cir. 1987). We conclude that, given the facts of this case, counsel's request for more than $150,000 in fees so shocks the conscience that the district court was not required to analyze the request for attorney's fees pursuant to the factors enunciated in Johnson and Barber. Nonetheless, despite counsel's exorbitant request, we conclude that the district court's award of $16,000 in fees was not an abuse of discretion. See City of Aiken, 278 F.3d at 336.

Jones also contends that the district court abused its discretion by denying his request for equitable relief in the form of the removal of "all negative inferences" from his personnel file and a permanent injunction prohibiting Bryant from disclosing any

purged information.  The district court has "broad equitable discretion to fashion remedies to make the plaintiff whole for injuries resulting from a violation" of Title VII.  <u>Brinkley-Obu v. Hughes Training, Inc.</u>, 36 F.3d 336, 356 (4th Cir. 1994).  A decision to grant or deny an injunction likewise rests within the discretion of the district court.  <u>See</u> <u>Resorts of Pinehurst, Inc. v. Pinehurst Nat'l Corp.</u>, 148 F.3d 417, 423 (4th Cir. 1998).  After careful review of the relevant law and the facts before us, we find no abuse of discretion.  Accordingly, we affirm the district court's denial of equitable relief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>