Affirmed by unpublished PER CURIAM opinion. Judge GREGORY wrote a dissenting opinion.
Unpublished opinions are not binding precedent in this circuit.
PER CURIAM:
Appellants Tanya Jackson, Michael Agyeman, Thomas George, Isaac Asare, Sharon Doss, and Courtney Collins are present and former employees of several related entities that operate group homes for the developmental^ disabled. Appel-lees, defendants below, are those entities and their principals (Estelle’s Place, LLC; Jireh’s Place, LLC; Our Place, LLC; Destiny’s Place, LLC; Debra Roundtree, and Mary Bell). Appellants’ claims arose under the overtime pay provision of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (“FLSA”), and state law. Early on, the parties settled the action, leaving to the district court, however, determination of the amount of attorney's fees to be awarded to Appellants as prevailing parties. See id. at § 216(b). Feeling aggrieved by the amount of the district court’s award of attorney’s fees ($36,000), Appellants filed the instant appeal.[1] For the reasons set forth below, we affirm.
I.
Appellants Jackson, George, Asare, Doss, and Collins were compensated on an hourly basis; Appellant Agyeman, on the other hand, though not paid hourly, was nonetheless misclassified as an exempt employee for overtime purposes. Appellees effected the underpayments of wages by assigning Appellants to work a total of more than 40 hours per week, but at different group homes, while treating work at each group home (owned by a separate but related corporate entity) as work for a separate employer. Consequently, Appel-lees paid Appellants at the straight time rate rather than at the overtime rate of time-and-a-half for hours worked beyond 40 per week.
On September 22, 2008, Appellants Jackson, Agyeman, George, and Asare filed suit in the United States District Court for the Eastern District of Virginia against Appellees, seeking unpaid overtime compensation under the FLSA. Appellants Doss and Collins opted into the litigation as plaintiffs. Meanwhile, Appellants filed a Motion to Allow Notice to Similarly Situated Employees and to Approve Interrogatory to Defendants Seeking the Identity of Similarly Situated Employees. On December 19, 2008, the district court granted Appellants’ motion. Shortly after the district court ordered publication of notice of the pendency of the lawsuit to other employees, but before such notice was published, the parties negotiated a Confidential Settlement Agreement and General Release resolving all of Appellants’ claims.
The Settlement Agreement stipulated that Appellants would be paid additional wages equal to unpaid overtime compensation (i.e., half-time) for all hours or fractions thereof worked in excess of 40 hours during any one work week (from September 22, 2005, through the date of the settlement), plus an equal amount in liquidated damages. The parties then stipulated to the following settlement amounts: Asare ($430.00), Collins ($567.50), Doss ($490.00), George *241 ($4,082.00), Jackson ($1,968.50), and Agye-man ($12,471.34). Notably, of the 13 forms of relief sought in the complaint, nine were not addressed in the Settlement Agreement and were wholly abandoned by Appellants.[2] In particular, no injunctive relief was awarded, no relief was awarded on any state law claim, and Appellees were not required to alter their method of operation. In any event, pursuant to the Settlement Agreement, the district court entered an Agreed Order of Dismissal in Part, dated February 23, 2009, dismissing all of Appellants’ claims with prejudice, reserving for itself the issue of attorney’s fees and costs, as the parties had agreed.
Appellants promptly filed their motion for an award of attorney’s fees. Following full briefing and a hearing, the district court issued a Memorandum Opinion and Order granting attorney’s fees and costs. The district court noted that under this court’s precedents, a reasonable fee would be calculated by determining a lodestar fee, followed by any appropriate reductions. See Grissom v. The Mills Corp., 549 F.3d 313 (4th Cir.2008), where we stated:
The parties also agree that after calculating the lodestar figure, the “court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones.” Johnson v. City of Aiken, 278 F.3d 333, 337 (4th Cir.2002). “Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.” Id.
Id. 321 (emphasis added); see also Robinson v. Equifax Information Services, LLC, 560 F.3d 235, 243 (4th Cir.2009).
The district court determined the appropriate hourly rates for counsel for Appellants, ranging from $350.00 per hour for the most experienced lawyer to $60.00 per hour for the legal assistant. The district court then determined the total hours reasonably expended by the four people who worked on the case. Thus, the district court arrived at what it described as a “lodestar fee” of $47,800. Then, in determining the ultimate issue of a reasonable fee, the district court noted that only six plaintiffs joined the lawsuit, and their total recovery amounted to less than $10,000.00 before it was doubled under FLSA’s liquidated damage provision. The court further noted that, of the six awards, four were for less than $1,000.00 before doubling and that Agyeman received the largest recovery, based only on his misclassifi-cation. Thus, the court reasoned that the $47,800.00 “lodestar fee” should be reduced because “[a]n attorneys’ fee should bear some reasonable relationship to the recovery of plaintiffs.” Given the “modest value” of the successful claims, the court determined that a reasonable fee, which it also described as a “lodestar,” amounted to $36,000.00.
On May 18, 2009, Appellants filed a Motion to Alter or Amend the district court’s order granting fees and costs pursuant to *242 Fed.R.CivP. 59(e). On June 9, 2009, the district court denied Appellants’ motion. Appellants have timely appealed.
II.
A.
We review a district court’s award of attorney’s fees for abuse of discretion. Johnson v. City of Aiken, 278 F.3d 333, 336 (4th Cir.2002) (citing McDonnell v. Miller Oil Co., 134 F.3d 638, 640 (4th Cir.1998); Freeman v. Case Corp., 118 F.3d 1011, 1014 (4th Cir.1997)). “Our review of the district court’s award is sharply circumscribed; we have recognized that because a district court has close and intimate knowledge of the efforts expended and the value of the services rendered, the fee award must not be overturned unless it is clearly wrong.” Plyler v. Evatt, 902 F.2d 273, 277-78 (4th Cir.1990) (internal quotation marks, citations, and alteration marks omitted).
B.
A prevailing party is entitled to an award of reasonable attorney’s fees and costs pursuant to the FLSA. See 29 U.S.C. § 216(b). Here, because the parties have agreed that Appellants are prevailing parties, Appellants are entitled to an award of attorney’s fees and costs that they establish as reasonable. See Plyler, 902 F.2d at 277.
Appellants’ challenge to the award in this case is a narrow one. Although Appellants sought fees and costs in excess of $87,000, they do not assign error to the district court’s initial determination that the traditional lodestar amount in this case (hours worked x appropriate hourly rate) was $47,800. Rather, they limit their challenge to the district court’s ultimate determination that a reasonable fee was the traditional lodestar amount less approximately 25%. Appellants make two arguments in support of their contention that the district court abused its discretion in reducing the traditional lodestar by approximately 25% in this case. First, they contend that our opinion in Grissom does not allow such a reduction. Second, they contend that even if Grissom could be interpreted to allow such a reduction, such a reduction is prohibited by City of Riverside v. Rivera, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), and by the Supreme court’s recent opinion in Perdue v. Kenny A., — U.S. -, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010). We disagree.
1.
We have set forth the Grissom methodology, 549 F.3d at 320, above, which the district court cited in its order and which provides in part that a court should “award[ ] some percentage of the remaining amount [after reductions for unsuccessful claims], depending on the degree of success enjoyed by the plaintiff.” (Emphasis added) Appellants contend that, inasmuch as they enjoyed “complete success on all claims,” Appellant’s Br. 11, there should not have been any reduction for their pursuit of unsuccessful claims and that, therefore, their “degree of success” under Grissom was effectively one hundred percent. Thus, according to Appellants, under Grissom, the only appropriate “percentage” of the traditional lodestar amount that constituted a “reasonable fee” is one hundred percent.
In support of this contention, Appellants seize on the district court’s statement that “[i]t is unnecessary to subtract fees incurred for unsuccessful, unrelated claims or award only a percentage of this amount because plaintiffs settled all of their claims for full value.” Having carefully reviewed the district court’s orders, it is clear to us that, in context, the district court indeed *243 followed Grissom, albeit somewhat awkwardly. In other words, we agree with Appellants to the extent that they contend that the methodology followed by the district court is somewhat less precise than one would hope, but we reject the contention that the district court deviated from the core mandate of Grissom in calculating a “reasonable fee.”
Like most (if not all) of the courts of appeals, we have directed that in deciding what constitutes a reasonable number of hours and the appropriate hourly rates (i.e., in calculating the lodestar fee), a district court looks to the following twelve factors:
(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney’s opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney’s expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys’ fees awards in similar cases.
Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n. 28 (4th Cir.1978) (adopting factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989).) In this case, the district court properly assessed the 12 factors and focused, most heavily, on factor number eight — “the amount in controversy and the results obtained.” In doing so, the district court purported to arrive at an “initial” lodestar fee ($47,800), and then, after consideration of factor number eight, it arrived at its “final” lodestar fee of $36,000. Thus, although the district court arrived at a reasonable fee as mandated by Grissom, it took the somewhat circuitous route of calculating a “final” lodestar by relying on factor eight in the KimbrelVs analysis, rather than by expressly taking account of Appellants’ unsuccessful claims and then taking a “percentage reduction” from the traditional lodestar, as contemplated by Grissom.[3]
Under the circumstances here, we have no hesitation in leaving undisturbed what the district court did, notwithstanding that its methodology was not congruent with that contemplated by Grissom. Plainly, the court was cognizant of the broad scope of the case as Appellants filed it, see supra page 5 and note 2, including the presence of state law claims (which were not “successfully” prosecuted) and the request for broad relief, compared to the more modest result achieved. We should not and do not fault the district court for an arguable analytic imprecision where, substantively, no abuse of discretion is evident. In so doing, we bear in mind the following reminder from the Supreme Court:
[W]e have said repeatedly that “[t]he initial estimate of a reasonable attorney’s fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.” Blum v. Stenson, *244 465 U.S. 886, 888, 104 S.Ct. 1541, 1544, 79 L.Ed.2d 891 (1984). The courts may then adjust this lodestar calculation by other factors.
Bergeron, 489 U.S. at 95, 109 S.Ct. 939 (emphasis added); and see Burlington v. Dague, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992):
We have [turned to the lodestar model], it must be noted, even though the lodestar model often (perhaps, generally) results in a larger fee award than the contingent-fee model. See, e.g., Report of the Federal Courts Study Committee 104 (Apr. 2, 1990) (lodestar method may “give lawyers incentives to run up hours unnecessarily, which can lead to overcompensation”).
Id. at 566, 112 S.Ct. 2638 (brackets added). In sum, despite its imprecise methodology, the district court plainly acted consonant with our Grissom mandate. See Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (noting that a district court may either identify particular hours to be eliminated or reduce the fee in light of the limited success in calculating fee award).
2.
Appellants’ arguments relying on City of Riverside v. Rivera, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), and Perdue v. Kenny A., — U.S. -, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010), fare no better than their arguments relying on Grissom. They contend that City of Riverside prohibits a limitation on an award of attorney’s fees to a proportion of the damages awarded. As the district court stated, however, City of Riverside, did not impose a blanket prohibition on the use of the rule of proportionality. In that case, the Supreme Court merely “rejected] the proposition that fee awards ... should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers.” City of Riverside, 477 U.S. at 565, 106 S.Ct. 2686 (emphasis added). The Court emphasized the sui generis nature of civil rights cases, where plaintiffs “seek[] to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms” and fee awards are used to deter future violations. Id. at 575-76, 106 S.Ct. 2686. Nevertheless, the Court expressly held that “[t]he amount of damages a plaintiff recovers is certainly relevant to the amount of attorney’s fees to be awarded under § 1988.” Id. at 574, 106 S.Ct. 2686. There is no indication here that the district court relied solely on a proportionality approach.
Appellants’ reliance on the Supreme Court’s recent decision in Perdue is similarly unavailing. They contended in their Rule 28(j) submission that Perdue involved a rejection of an “arbitrary enhancement” of a lodestar fee, and that “if an arbitrary enhancement of the lodestar is reversible error, an arbitrary reduction of the lodestar would be ... an abuse of discretion and reversible error.” Appellants overstate, if they do not misstate, the holding in that case. In Perdue, the Court held that an attorney’s fee based on the lodestar may be increased due to superior performance, but only in extraordinary circumstances. 130 S.Ct. at 1674. But while the Court held that an enhancement to the lodestar fee may be permissible, it found the justification there inadequate. Indeed, Perdue makes plain that the lodestar figure, though supported by a “strong presumption” of correctness, is not invariably the end of the analysis but, in some classes of cases, only the beginning:
In light of what we have said in prior cases, we reject any contention that a fee determined by the lodestar method may not be enhanced in any situation. The lodestar method was never intended *245 to be conclusive in all circumstances. Instead, there is a “strong presumption” that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee.
Id. at 1673 (emphasis added). In any event, nothing in Perdue persuades us that the district court’s reduced fee award here was in any sense “arbitrary” or was otherwise the product of an abuse of discretion.
III.
For the reasons set forth above, the orders of the district court are

AFFIRMED.

. Although Appellants noted their appeal only from the denial of their motion to alter or amend the district court's order awarding attorney's fees, we have jurisdiction to consider the merits of the underlying order. See, e.g., Brown v. French, 147 F.3d 307, 311 (4th Cir.1998).

. These nine prayers for relief were for (1) an order appointing plaintiffs and their counsel to represent similarly situated employees as to the FLSA claims, (2) certification of the breach of contract and quantum meruit classes and designation of plaintiffs as class representatives and their counsel as class counsel, (3) a preliminary and permanent injunction prohibiting the defendants from engaging in the allegedly unlawful practices, (4) an order awarding declaratory relief, (5) an order awarding restitution and disgorgement of profits, (6) a judgment awarding plaintiffs economic, compensatory damages, liquidated damages, and punitive damages, (7) pre-judgment interest, (8) equitable relief such as employment, reinstatement, promotion, or front-pay, and (9) interest due on unpaid wages.

. The district court described its approach in its order denying the motion to alter or amend, stating that: "After arriving at the lodestar figure of $36,000.00, the Court determined that further reduction [under Grissom ] was unnecessary because plaintiffs had been fully compensated for the hours they worked. Finding that further reduction was unnecessary does not support the argument that the earlier reduction was in error.”